## Imler's Appeal.

1. Where a testator declares in his will, that he has sold to one son, and devises to another, several tracts of land at stated prices, including their shares of dower, the devise is a devise of land.

APPEAL from the decree of the Orphans' Court of *Bedford county*, in the matter of the distribution of the estate of Thomas Croyle, deceased.

The principle decided, sufficiently appears in the opinion of the court, delivered October, 1, 1855, by

LOWRIE, J.—When the testator declares in his will, that he has sold to one son, and devises to another, several tracts of land at stated prices, including their shares of dower in his real estate; we do not have much difficulty in seeing that the shares he intended them to have on his death, are either in the land given, or in the price to be paid; and we suppose the former; else nothing would have been said about it. The matter seems to be mentioned, in order to exclude these sons from any further share. Their expected interest as heirs, is taken into account in valuing the land, and they get it at so much the less price. This supposition is very clearly confirmed by the fact that, in the clause intended for the disposition of the residue of the estate, the portion now to be distributed, these two sons are not named at all, except to say of them, " their shares being allowed in the real estate." It might perhaps have been sufficient to say, that they are not residuary legatees, and therefore have no interest in this fund.

The share which Michael's children were intended to take under this will, is governed by the same principles as those lately explained, in relation to the will of Margaret Fessel, of York county, (now reported, 3 Casey, 57.) We think that they are to take a single share.

The auditor reported a distribution on these principles, and his report ought to have been confirmed.

*Decree.*—October 1, 1855. This cause came on for hearing at Bedford, on the 16th of August, 1855, on an appeal by Joseph Imler, from the decree of the Orphans' Court of Bedford

county, in the matter of the distribution of the estate of Thomas Croyle, deceased, and was argued by counsel; and now on consideration thereof, it is ordered and decreed that the said decree be reversed, and that the first report of the auditor, William M. Hall, dated 20th April, 1855, he confirmed, and that the said estate be distributed in accordance therewith, and that the appellees, Jacob Croyle and Adam Croyle, do each pay one-half of the costs which have accrued since the filing of the said report of the auditor; and the cause is remanded to the Orphans' Court, with directions to carry this decree into effect.