# Knight's Estate.

*Wills—Children—Debts—Advancement—Interest—Construction —Intention.*

1. Advancements do not of themselves bear interest; if interest is to be charged on an advancement, it can only be done by force of an intent of the testator to that effect and that intent must be clearly expressed in the will.

2. The fact that notes are taken by a parent for amounts advanced to his children, indicates that the parent regarded the amounts as debts: but the father may if he desires convert these debts into advancements in his will.

3. Where a testator, who had advanced certain sums to his sons, and had taken notes for the amounts advanced, provided "whatever debts may be owing to me at the time of my decease by my said sons or either of them, shall be taken into account and deducted from their share of my estate," the Orphans' Court properly decided that the amounts given to the sons had become advancements under the terms of the will, and bore no interest during the lifetime of the testator, in the absence of any direction in the will that the advancements should bear interest.

Argued Feb. 9, 1916. Appeals, Nos. 364 and 422, by Frank A. Knight, and Bucks County Trust Company, Trustee of Estate of Frank A. Knight, under the will of Jesse W. Knight, late of Bristol Borough, deceased, from decree of O. C. Bucks Co., dismissing exceptions to report of auditor, in Estate of Jesse W. Knight, Deceased. Before Mestrezat, Potter, Stewart, Frazer and Walling, JJ. Affirmed.

Exceptions to report of Hiram H. Keller, Auditor. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Frank A. Knight and Bucks County Trust Company appealed.

*Errors assigned* were in dismissing the exceptions.

*William Stuckert,* with him *Hugh B. Eastburn,* for appellants.—The amounts mentioned in the promissory notes held by the testator against his two sons, represent debts owing by the sons to the testator at the time of his decease and bear interest from their dates: Strock's Est., 158 Pa. 355; Porter's App., 94 Pa. 332; Levering v. Rittenhouse, 4 Wharton 130; Gillingham's Est., 220 Pa. 353; High's App., 21 Pa. 283; Roland v. Schrack, 29 Pa. 125; Whelen v. Whelen, 11 Pa. D. R. 14; Yundt's App., 13 Pa. 575; Barnitz's Est., 31 Pa. C. C. 522; Grim's App., 105 Pa. 375; Miller's App., 40 Pa. 57; Haverstock v. Sarbach, 1 W. & S. 390.

*H. M. McCaughey,* with him *Wynne James,* for appellees.—The sums advanced by the testator to his sons are advancements, not debts, and do not bear interest: Schott's Est., 78 Pa. 40; Wright's App., 89 Pa. 67; Eichelberger's Est., 135 Pa. 160; Keiser v. Keiser, 199 Pa. 77; Patterson's App., 128 Pa. 269; Miller's App., 31 Pa. 337; Green v. Howell, 6 W. & S. 203; Barnitz's Est., 31 Pa. C. C. 522; Neel's Est (No. 1), 207 Pa. 443.

OPINION BY MR. JUSTICE POTTER, April 17, 1916:

We have here two appeals from the decree of the Orphans' Court of Bucks County dismissing exceptions, and confirming the report of an auditor appointed to make distribution in the estate of Jesse W. Knight, deceased. At the date of his death, November 19, 1912, Jesse W. Knight held a promissory note of his son Frank A. Knight, dated August 1, 1892, for $325.00, payable

one year after date. He also held ten promissory notes of his son, John D. Knight, aggregating $2,139.48, all long overdue. Frank A. Knight survived his father, but John D. Knight died July 20, 1905. He had been adjudicated a bankrupt on April 9, 1901, and was duly discharged thereafter. The notes held by the father were scheduled as a debt, but the father made no proof thereof against the bankrupt's estate. In his will he provided that "Whatever debts may be owing to me at the time of my decease by my said sons, or either of them shall be taken into account and deducted from their share of my estate." The auditor held that under this clause in the will the various sums of money represented by the notes were to be treated as advancements by the testator to his sons. That the principal of the notes is to be deducted from the respective shares of the sons is conceded. The only respect in which appellants seek to change the schedule of distribution is that they would treat the amounts of the notes as debts bearing interest, and would increase the amount for distribution by adding interest on the notes. The question is by no means clear. The fact that notes were taken in each instance for the amount advanced indicates that the father regarded the amounts as debts. But, of course, he had the right to convert these debts into advancements. "When the parent, giving money to a child, takes a note for its repayment, it is a debt......But a parent has power by his will to turn a debt into an advancement, and, when he does so, he gives it all the usual incidents, one of which is that it shall be valued as of the date the child received the money": Porter's App., Eberle's Est., 94 Pa. 332, 337. In the present instance the testator collected neither principal nor interest on the notes, and he allowed them to become barred by the statute of limitations, so that unless they are regarded as advancements, they are lost entirely to the estate. Such a result was evidently not contemplated by the testator, for he referred to the sums advanced to his sons as debts, and, while he did not use

the technical word "advancement," yet he did direct that whatever debts were owing to him by his sons, at the time of his decease, should be taken into account, and deducted from their share of his estate. We cannot say that the auditor and the court below were wrong in treating the amounts given to the sons as having become advancements under the terms of the will. If so, they bore no interest during the life of the testator, unless his intention to have them bear interest appeared in the will. In Farnum's Est., 176 Pa. 366, Mr. Justice GREEN said (p. 367) : "As we view the case it resolves itself into a mere question as to what was the intention of the testator as expressed in his will, in regard to the subject of interest on the advancement to his daughter, Mrs. Bell. Two or three perfectly well-established rules prevail in regard to the general subject. One is that advancements do not of themselves bear interest. Another is that if interest is to be charged on an advancement, it can only be done by force of an intent of the testator to that effect, and that intent must be clearly expressed in the will: Miller's App., 31 Pa. 337; Porter's App., Eberle's Est., 94 Pa. 332." We do not find that the testator expressed any such intention in the present case.

The assignments of error are overruled, the decree of the court below is affirmed, and these appeals are dismissed at the cost of the appellant in each case.