## Gowen's Estate.

*Wills—Advancements—Debts to testator—Equality in distribution.*

1. A testator may convert into an advancement a debt due him from a son.

2. Where a testator directs that an indebtedness due to him from a son shall be taken as an advancement, and that in the distribution of the estate after the termination of a trust, nothing shall be appropriated to the son's share in the estate until the share apportionable to each of his other children shall have amounted to the principal and interest then due on his son's debt, and further directs that nothing in the will is to be construed as releasing the debt, and authorizes his executors to use their discretion as to proceedings to collect it, the court will not construe the discretion given to the executors as indicating an intention not to convert the indebtedness into an advancement.

3. In such case the son can take nothing until the terms of the will have been complied with by according equality to the other children, and it is immaterial whether such debt could be collected or not.

Argued December 1, 1925. Appeal, No. 404, Jan. T., 1925, by Ralph S. Croskey, Administrator, from decree of O. C. Phila. Co., Oct. T., 1881, No. 386, dismissing exceptions to adjudication, in Estate of James Gowen, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.

Exceptions dismissed in opinion by HENDERSON, J. See 6 Pa. C. & D. R. 96. Ralph S. Croskey, administrator of Henry G. Gowen, deceased, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Geo. J. Edwards, Jr.,* with him *Graham C. Woodward,* for appellant.—The indebtedness of Henry G. Gowen to testator's estate was not converted into an advancement by testator's will: Schmidth's Est., 183 Pa. 641; Hancock's App., 112 Pa. 532; Reilly's Est., 200 Pa. 288; Woelpper's App., 126 Pa. 562; Doebler's App., 64 Pa. 9; Braham's Est., 269 Pa. 82; Long's Est., 254 Pa. 370; O'Connor v. Flick, 271 Pa. 249; Keiser v. Keiser, 199 Pa. 77; Kline's Est., 280 Pa. 41; Yundt's App., 13 Pa. 575.

The presumption of payment after the lapse of twenty years applies to the indebtedness in this case: Norris's App., 71 Pa. 106; Fidelity T. & Tr. Co. v. Chapman, 226 Pa. 312; Bartram's Est., 282 Pa. 536; Gilmore v. Alexander, 268 Pa. 415; Bentley's App., 99 Pa. 500; Power v. Hollman, 2 Watts 218; Drysdale's App., 14 Pa. 531.

The death of the debtor strengthens the presumption, and Henry G. Gowen has been dead fifteen years: Fidelity Title & Trust Co. v. Chapman, 226 Pa. 312; Gregory v. Com., 121 Pa. 611; Peter's App., 106 Pa. 340.

*George Gowen Parry,* for appellee.—Testator was entitled to do what he would with his own, so long as his directions were not obnoxious to any rule of law or of public policy, and the notion that the provisions of his will as to distribution cannot stand because he treated his son's indebtedness as subsisting, appears fantastic: Patterson's App., 128 Pa. 269; Eichelberger's Est., 135 Pa. 160; Dunshee v. Dunshee, 243 Pa. 599; Neel's Est., 207 Pa. 443.

The presumption of payment after twenty years does not apply to such indebtedness: Sheafer v. Woodside, 257 Pa. 276; McDowell v. Bridge Co., 247 Pa. 190; Knoppel's Est., 1 Pa. D. & C. R. 262.

PER CURIAM, January 4, 1926:

This appeal is from a decree of the Orphans' Court of Philadelphia County, dismissing exceptions to adjudications confirming trustee accounts in a trust created by the last will of James Gowen, who died January 8, 1873, leaving to survive him a widow, since deceased, and eight children. One son, Henry G. Gowen, died in 1909 leaving to survive him a son, Morris W. Gowen. Letters of administration on the estate of Henry were granted to appellant June 25, 1924. In the distribution of James Gowen's estate, Morris claimed his father's share. On its disallowance and discharge of exceptions thereto, Henry Gowen's administrator appealed.

Item 8 of the will of James Gowen sets forth an indebtedness of Henry to decedent on three separate bonds aggregating with interest the sum of $44,628.86, and provides "that the then existing amounts of the said indebtedness shall, according to the said amounts respectively, be deemed and taken to be advancements on account of the shares respectively apportionable as herein before directed for the benefit of......my son Henry, and that no money shall be appropriated to the share apportionable to my son Henry, until the share apportionable to or for my other children shall have actually amounted to the principal and interest then due upon the said existing indebtedness......, and while nothing therein contained shall be construed as releasing the indebtedness of my son Henry to my estate, yet I do authorize and empower my executors and the survivors and survivor of them, to use their discretion as to proceeding to collect the said indebtedness."

Appellant's contention is that the power contained in the will of James Gowen authorizing his executors to

use their discretion as to proceeding to collect the indebtedness of Henry indicates an intention not to convert the indebtedness into an advancement. The court below refused to take this view of the case and to distribute the one-eighth portion of the estate to Morris.

In the adjudication of the accounts of the trustees in which the claim of Morris was presented for the one-eighth interest of his father, Henry G. Gowen, in the estate of James Gowen, the auditing judge found the indebtedness of Henry, above referred to, remains unpaid and said, "But assuming that the claimant has a standing, I must reject his claim for the reason that the testator had expressly converted the debt of his son Henry, into an advancement and directed that no money should be apportioned to the share apportionable to his son Henry until the share apportionable to each of his other children have actually amounted to the principal and interest then due upon Henry's indebtedness. As this state of facts never existed, it is difficult to see on what theory Henry or those claiming under him are entitled to any share in the present estate until Henry's debt with interest is paid in full. That a testator can convert a debt into an advancement is shown clearly by Knight's Est., 253 Pa. 290. The claim of Morris W. Gowen is, therefore, disallowed." In the opinion dismissing exceptions to the adjudication, the court said, "The eighth paragraph of this will recited the debts due by this son [Henry], directed they should not be released, and empowered the trustees to use their discretion in collection. The testator aimed at equality as between his children. If the debt was not repaid, it was to be charged as an advancement against this son's distributive share; and he was to take nothing until the shares paid the others actually amounted to the principal and interest due by him. The testator has served his own purposes by mingling the legal conceptions of debts and advancements, and this he had a right to do. Whether these debts could now be collected is aside from the question: see

Knoppel's Est., 1 Pa. D. & C. R. 262. This son can take nothing until the terms of the will have been complied with by according equality to the other children."

We agree with the conclusion reached by the court below and affirm its decree at appellant's costs.