# Whitman's Appeal.

1. Where a testator had made certain devises to his son and daughters, " including in said several devises which are above-mentioned, any book accounts which may stand charged in my books against them respectively," and two days after the date of his will, he had made statements in his book, showing the amounts received by each, and that they were to be taken into consideration at the general distribution under his will, the sums so stated are advancements, and the will and the statement are to be considered together.

APPEAL by Joseph Whitman, from the decree of the Orphans' Court of *Franklin county*, confirming the auditor's report made distributing the estate of Christian Schelly, deceased.

The facts fully appear in the opinion of the court delivered August 14, 1855, by

KNOX, J.—It is very plain, that Christian Schelly considered the several sums received from him by his sons and sons-in-law, as advancements. There is nothing to indicate that they were debts or gifts. In the first place, the manner in which they were entered in his book,—is that evidence of their character? There is no charge made, but a mere statement of how much had been received by each child, to which is appended a certificate signed by the father, that the sums are correct, and that they were to be taken into consideration at the general distribution, agreeably to his last will. This certificate was made on the 3d day of October, and in his will, which bears date two days previous, after giving legacies of $2,000 to each of his daughters, and his son Jacob, he adds the followings words, "including in said several devises which are above mentioned, any book accounts which may stand charged in any book against them respectively." The effect of this is, simply to direct that the children should each account for the sums already received, and that such sums should be deducted from the legacies; or what would amount to the same thing, as he expressed it two days after the will was

made, in the certificate attached to his statement of the sums
received by each, they were "to be taken into consideration at
the general distribution, according to my [his] last will." In-
deed, the will and the statement, referring as they do to each
other, may be considered for the purpose of construction, as one
instrument, and so considered, the intention of the testator is free
from difficulty.   The daughter, the son, and the grandson, were
each to have $2000, and the residue to be divided amongst the
daughters, except Nancy, share and share alike, and the several
sums already received to be considered as part of the estate.  So
it was understood by the executor, and the children themselves,
for when the distribution of the personal estate was made by the
executor, the sums received from the father in his life-time, were
treated as advancements, and releases were executed by Eliza-
beth Hershey, Jacob Frink, and Joseph Whitman, in full of their
share of the personal estate ; after these advancements had been
deducted, nothing was paid to Polly Frink out of the personal,
because the advancements to her husband were greater than the
legacies.

When the real estate was sold, the auditor appointed to dis-
tribute its proceeds under the will, refused to charge Mrs. Eliza-
beth Hershey, with the sum of $1598.37$\frac{1}{2}$, charged in the book
against her husband, Isaac Hershey ; and because it had been de-
ducted from her share of the personal estate, he allowed her in-
terest from the time of such deduction, viz., 1st of April, 1844,
the effect of which was to give her upwards of $2600 more than
she otherwise would be entitled to.   He also refused to charge
Mrs. Frink, with the difference between the money received by
her late husband and her legacy, which was $666.66.   The
Orphans' Court confirmed the report of the auditor.   The reason
given by the auditor, for refusing to charge Mrs. Hershey with
the money advanced to her husband, is that the entry in the
book was against the husband, and the legacy to the daughter
given after the husband's death.   His reasons for not charging
Mrs. Frink with the advancements beyond the amount of the
legacy, is that the residuary legacy was given to her alone, with-
out naming her husband, and because the advancements, or
charges, are directed by the will to be included in the legacies.
Neither of these reasons is satisfactory.   The statement it is
true, mentions the sons-in-law as having received the money,
and the legacies are given to the daughters, but then it must be
remembered, that the testator directs that the sums received by
the sons-in-law, should be taken into account in the distribution
under the will, and as the distribution was to the daughters only,
they alone can account for the advancements.

The true way to distribute this fund, is to add the amount of
the advancements, and the amount received by each on the for-

mer distribution, to the money in the hands of the executor. This will give the whole amount of the estate. After deducting the legacy of $2000 to Nancy Schelly, the residue should be equally divided between Polly, Elizabeth, Catharine, Barbara and Lydia, charging each with the sums already received, as follows:

| | | | | |
|---|---|---|---|---|
| Advancements to Tobias Frink, husband of Polly, | | | $2666 | 66 |
| Isaac Hershey, husband of | Elizabeth, | | 1598 | 37½ |
| Jacob Frink, " | Catharine, | | 951 | 00 |
| Joseph Whitman, " | Barbara, | | 1087 | 56½ |
| David Shoop, " | Lydia, | | 428 | 80 |
| | | | $6732 | 40 |

| | | | |
|---|---|---|---|
| Amount received by each on former distribution— | | | |
| Elizabeth Hershey, | $196 | 47¾ | |
| Joseph Whitman, | 707 | 28¾ | |
| Jacob Frink, | 843 | 85¼ | |
| David Shoop, | 1366 | 05¼ | |
| | | $3113 | 67 |
| Amount in hand of executor, | | 13148 | 89 |
| | | $22994 | 96 |
| Deduct expenses of auditor, | $72 00 | | |
| Nancy Schelly's legacy, | 2000 00 | | |
| | | 2072 | 00 |
| | | $20922 | 96 |

The above sum is to be equally divided between
   Polly, Elizabeth, Catharine, Barbara, and Lydia, $4184 59

The above sum of $4184.59 would be the share of each, if nothing had been received by them, but the sums received as advancements, and in distribution, are to be deducted, viz:

| | | | | | | |
|---|---|---|---|---|---|---|
| Polly Frink has received $2666 66. | Her balance is | $1517 | 93 |
| Elizabeth Hershey " 1794 85. | " " | 2389 | 74 |
| Lydia Shoop " 1794 85. | " " | 2389 | 74 |
| Barbara Whitman " 1794 85. | " " | 2389 | 74 |
| Catharine Frink " 1794 85. | " " | 2389 | 74 |
| | | $11076 | 89 |

which is the amount in hand for distribution, after deducting the expenses of auditor and legacy of Nancy.

*Decree.*—This cause came on for hearing at the May Term, at Harrisburg, was argued by counsel, and upon due consideration, the decree of the Orphans' Court of Franklin county is reversed; and this court now proceeding to make such a decree

as the said Orphans' Court should have made, do decree that the fund be distributed as follows:

| | | | |
|---|---|---|---:|
| 1. | To the expenses of the auditor, | | $72 00 |
| 2. | " | Nancy Schelly, | 2000 00 |
| 3. | " | Polly Frink, | 1517 93 |
| 4. | " | Elizabeth Hershey, | 2389 74 |
| 5. | " | Lydia Shoops, | 2389 74 |
| 6. | " | Barbara Whitman, | 2389 74 |
| 7. | " | Cathárine Frink, | 2389 74 |

$13148 89

And we do further decree that the appellees pay the costs of this appeal, and that the record be remitted to the court below, that this decree may be carried into effect.