## Grothe's Estate.

*Wills—Decedents' estates—Intestacy—Cross limitations—Intention of testator—Presumption.*

1. The doctrine of an implied gift or cross limitations will be invoked in the absence of express language only when it can be determined from the meaning of the whole will that the testator intended a survivorship; and the presumptive intention to avoid an intestacy will not disclose such a purpose.

2. Where by the terms of a will the widow, son and grandson of the testator are each bequeathed one-third of the income from a trust estate, the son and grandson for life and the widow during life or widowhood, with a provision that on the remarriage of the widow her one-third of the income shall go to the other two legatees, share and share .alike, the grandson is not entitled to the whole of the income for life, ·upon the death of the son and widow, by reason of the fact that the distribution of the corpus of the fund is withheld until the death of all three legatees, in the absence of language disclosing, either expressly or by clear implication, an intention to create implied gifts or cross limitations.

3. In such a case upon the death of the widow, her share of the income went to the son and grandson, share and share alike during the continuance of the trust; but as to the income of the one-third in favor of the son, there was an intestacy after the son's death, and such income from the date of the death of the son to the end of the trust was payable to testator's heirs at law.

Argued May 18, 1910. Appeal, No. 125, Jan. T., 1910, by Frederick C. Grothe, from decree of O. C. York Co., refusing petition for order on the Security Title & Trust Company, in Estate of Frederick Grothe. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for an order upon trustee to pay over the whole of the income of a residuary bequest under a will. Before WANNER, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was decree refusing petition.

*Samuel Kurtz* and *F. B. Gerber,* for appellant.—Where a testator creates a trust and directs a certain disposition of the income until a certain time when the corpus of the estate is to be paid out, it is to be assumed that he does not intend to die intestate of any part of the income accruing up to the time of final payment of the principal to those entitled to gift over; and upon this assumption courts have implied cross limitations: Ashley v. Ashley, 6 Sim. 358; Turner v. Fowler, 10 Watts, 325; Pierce v. Hakes, 23 Pa. 231; Kerr v. Verner, 66 Pa. 326; Jones v. Cable, 114 Pa. 586; McCallum's Est., 211 Pa. 205; Erwin's Est., 5 Montg. 18; Morison's Est., 5 Montg. 155; Lentz v. Lentz, 2 Phila. 117; Simpson v. Coon, 4 S. & R. 368.

*Frederick B. Gerber,* for Security Title & Trust Company, trustee.

*James J. Logan,* of *Logan & Logan,* for Ida S. Grothe, intervening appellee.—An heir at law can be disinherited only be express devise, or a devise necessarily implied: Wilkinson v. Adams, 1 Vesey & Beames, 422; Bender v. Dietrick, 7 W. & S. 284; Hayden v. Stoughton, 22 Mass. 528; Schauber v. Jackson, 2 Wend. (N. Y.) 13; French v. McIlhenny, 2 Binn. 13; Stehman's App., 45 Pa. 398; Corr's Est., 202 Pa. 391; Abel v. Abel, 201 Pa. 543; Bradley's Est., 17 Phila. 474; Brendlinger v. Brendlinger, 26 Pa. 131; France's Est., 75 Pa. 220; Gray's Est., 147 Pa. 67; Schmidth's Est., Becker's App., 183 Pa. 641; Espy's Est., 207 Pa. 459; Shaner v. Wilson, 207 Pa. 550; DeSilver's Est., 142 Pa. 74; Roney's Est., 227 Pa. 127; Kimmel's Est., 226 Pa. 47.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1910:

In default of any issue of himself and his wife, Lilly Grothe, surviving him, the testator bequeathed the interest accruing upon a certain trust fund as follows: "I order and direct the Trustee of my estate to pay one-third of the interest annually to my beloved wife Lilly Grothe during her natural life or so long as she remains my widow; pay one-third of the interest annually to my son

Frederick W. Grothe during his natural life, and pay the other one-third interest annually to my grandson Frederick Grothe during his natural life, should my wife Lilly Grothe marry again, then in that event, the one-third interest willed and bequeathed to her shall cease at her marriage and the interest received by her shall be paid to my son Frederick W. Grothe and my grandson Frederick Grothe share and share alike." On the death or remarriage of his wife and the death of his son, Frederick W. Grothe, and of his grandson, Frederick Grothe, the corpus of the trust fund was bequeathed to the children of his grandson or their issue, and in default thereof, to testator's next and nearest of kin.

The testator died February 4, 1894, and left to survive him a widow, Lilly Grothe, who died April 4, 1901, without having remarried, intestate and without issue, and a son, Frederick W. Grothe, by a former wife, who died January 10, 1909, testate, leaving to survive him a widow, Ida S. Grothe, and five children, one of whom was Frederick C. Grothe, the appellant. The last named is the grandson referred to by the testator in his will.

After the death of the widow, on petition of Frederick W. Grothe, the son, the orphans' court of York county directed the trustee to pay to him one-half and to Frederick C. Grothe, the grandson, the other half of the interest on the trust fund, then accumulated, and ordered and directed that the income and rents thereafter received by the trustee should be equally divided between the son and the grandson.

Frederick W. Grothe, the son, died on January 10, 1909, and since that date the interest on the trust fund has accumulated to the amount of $2,658.73, which is now in the hands of the trustee for distribution. Frederick C. Grothe, the grandson, presented his petition to the orphans' court of York county claiming the whole of the income then in the hands of the trustee, and the income that should thereafter accrue on the trust estate during the petitioner's natural life, on the ground that as the last

surviving beneficiary of the income from the trust estate, he is entitled to the share of the others, by virtue of an implied gift or cross limitation in his favor, under the provisions of his grandfather's will.

The orphans' court held that the testator died intestate as to the interest on the trust fund bequeathed to Frederick W. Grothe for life; that as to the one-half of the widow's third of the interest, which, after her death (under the court's former construction of the will) went to Frederick W. Grothe, the bequest was absolute and carried said interest to the termination of the trust and his executrix was entitled to receive the same; and that the petitioner, the grandson, was entitled to receive from the trustee, the one-half of the interest accrued, and thereafter accruing on the trust fund during his life.

It may be suggested that the claim of the appellee to part of the fund not awarded to her by the court below cannot be considered on this appeal, the only questions for consideration here being those raised by Frederick C. Grothe, the appellant.

It will be observed that the widow, the son, and the grandson were each bequeathed one-third of the income from the trust estate, the son and grandson during life, and the widow during life or widowhood. It was provided, however, that on the remarriage of the widow her one-third of the interest should go to the other two legatees, share and share alike. It is conceded that the grandson is entitled to one-third of the income for life, but the widow and son are now dead, and the question arises: who is entitled to take the other two-thirds of the income until the distribution of the corpus of the fund—at the death of the grandson. As we have seen, the court below awarded the one-half of the widow's third, in pursuance of a former order of the court unappealed from, to the son's executrix. This leaves the one-third, bequeathed to the son for life, to be determined on this appeal.

It is strenuously contended that the grandson should

take this one-third of the income, after the son's life interest therein, under the doctrine of an implied gift or cross limitation, and that to hold otherwise will result in a partial intestacy. It is true that the reasonable presumption is that when the will was executed the testator did not intend to die intestate as to any part of his property, and that neither the precise language of the instrument nor the form of expression but the meaning to be gathered from the whole will determines whether survivorship was intended by the testator. The survivor will take the estate if from the whole will it can be reasonably inferred that such was the intention of the testator. It is his intention, ascertained from his will, which must govern in every case and when that is ascertained it is the duty of the court to carry it out. While it is a presumption that the testator intended to dispose of his whole estate, there is a like presumption of equal force that the heir is never to be disinherited except by plain words or necessary implication. These presumptions, we have frequently said, are of like force and effect, and in applying one, we must not overlook the other. Neither presumption, however, can be permitted to defeat the intention of the testator which is expressed in apt words or appears by clear implication. Our function is to construe, not to make, a will for the testator.

There is no general residuary clause in the will, nor does the testator expressly declare his intention to dispose of his entire estate. The gift to each of the three beneficiaries is for life, except that given to the widow which is for life or during widowhood. There are no words of survivorship, and there is no disposition of the shares given to the wife and to the son after their respective deaths and during the remainder of the life of the trust. It is provided, however, that if the widow marries again the interest bequeathed to her shall then cease and thereafter be divided between the son and the grandson in equal shares. The corpus of the trust fund is to be distributed at the death of the grandson. There is,

therefore, no ground for the contention of the grandson
to be found in the express language of the will that, since
the death of the widow and son, he is entitled to the
whole income during the life of the trust.   His right to
the income rests wholly on the doctrine of an implied
gift or cross limitation.   But this must arise from the
language of the will, and unless there is a clear implica-
tion that such limitation was intended by the testator,
the fund cannot be taken from the heir and disposed of
through another channel of distribution.   The gift of
the income is not to a class but to the three beneficiaries
nominatim, neither is it a joint tenancy with the right
of survivorship.   The plain language of the will vested
the income in the three individuals respectively until the
death of the son and the grandson and the death or re-
marriage of the widow.   Whether intentionally or other-
wise, the testator did not dispose of the income after the
life estate given to the three individuals, and, therefore,
there is no reason to suppose that he intended that the
survivor should take the whole income until the dis-
tribution of the corpus of the trust fund, unless the pre-
sumptive intention to avoid an intestacy should disclose
such purpose.   This, however, is not a sufficient reason
for implying a gift or a cross limitation.   If it was, no
intestacy would ever occur.   In view of the care with
which he disposed of his estate, and especially in providing
against the contingency of his widow's remarriage, and
the difference between the disposition of the widow's
share on her remarriage and in the event of her death,
it is not at all probable that the testator overlooked the
fact that his widow and son would die and thereby create
an intestacy as to the income on the termination of the
life estate.   It is more probable that he was conscious
of the omission to dispose of the residue of the income,
and knew that his heirs would inherit the part of his es-
tate undisposed of in the will.   The simple fact that the
principal is not distributable until the death of the last
of the three legatees is not of itself sufficient to create an

implied gift to the survivor. As we have said, it is more than likely he intended that the heir should take the undisposed of portion of the income; but at all events, if it was an oversight, the courts have no authority to insert a provision disposing of such income under the assumption that it was the intention of the testator. It is only when the language of the will expressly or by clear implication discloses the intention of the testator that the courts may carry it out. It will not do for the courts to undertake to guess at the intention of a testator and declare that to be his will. If he sees fit for any reason not to dispose of any part of his estate, or such is the result of ignorance or oversight, the courts cannot supply the gap or hiatus and reconstruct the will. To do so would be a perversion of the functions of the court, and deprive a testator of the right to dispose of his property.

We see nothing in the will which leads to the conclusion that the testator meant to dispose of the income from the trust estate otherwise than he declared in the apt and proper words used by him in the bequest, or that he intended that the survivor of the three legatees should take, during the latter's life, the undisposed of portions of the two predeceased legatees.

The decree of the orphans' court is affirmed.