## Conner's Estate.

*Wills — Construction — Gift of entire interest—Conflicting clauses—Intention.*

1. Where it appears from all the language of a will that there was a purpose to give the entire interest, any restriction upon its use is ineffective.

2. Where, however, the context makes clearly apparent that the dominant intent of the testator was that less than a fee shall be transmitted, only such interest as limited will pass.

3. Rules of construction have no place in determining the disposition of property devised where the intention of the decedent can be fairly gathered from the words employed.

4. Where one paragraph of a will gives a fund absolutely, and a later paragraph directs that the same fund shall be held in trust for the same beneficiary, the latter paragraph controls.

5. Where a testatrix in one part of the residuary clause of her will, gives the principal of one-half of her estate in remainder to a grandson, and in a clause immediately following directs that such share shall be held in trust for the grandson for life with remainder to his children, the direction to hold the share in trust will prevail, irrespective of the order of the conflicting provisions, if it appears from the whole will that it was the manifest intention of testatrix that all of her property should be held in trust free of claims of creditors of any of her heirs for the benefit of her great-grandchildren.

Argued April 21, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 185, Jan. T., 1926, by Minor Gordon Brinckle, from decree of O. C. Phila. Co., April T., 1906, No. 656, dismissing exceptions to adjudication, in Estate of Rachel A. Conner, deceased. Affirmed.

Exceptions to adjudication of BALDRIGE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by VAN DUSEN, J. See 7 Pa. D. & C. R. 187. Minor Gordon Brinckle, grandson of testatrix, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*G. F. Douglas,* of *Douglas & Schultz,* for appellant.—The various clauses of this will can be construed together harmoniously as a perfect whole and effect given every clause therein without ignoring any expressed wish of testatrix: Patrick's Est., 162 Pa. 175; Strie-

wig's Est., 169 Pa. 61; Wood v. Schoen, 216 Pa. 425; Smith v. Piper, 231 Pa. 378; Rudman's Est., 244 Pa. 252.

The clear gift given to Minor Gordon Brinckle in the first clause should not be taken away or cut down by doubtful expressions in the second clause: Shower's Case, 211 Pa. 297; Buechley's Est., 283 Pa. 107.

In applying to the two clauses in dispute all the recognized technical rules of construction, they, with the exception of "the last clause rule," favor the adoption of the first clause in dispute: Vogdes's Est., 16 Pa. Dist. 377.

*Maurice G. Belknap*, with him *E. Spencer Miller*, for appellee.—If the two clauses can be reconciled the trust should be continued: Pattin v. Scott, 270 Pa. 49; Stanton v. Guest, 285 Pa. 460; Smith v. Piper, 231 Pa. 378; Deeter's Est., 280 Pa. 135.

Of two incompatible clauses in a will the latter must govern, if it complies with the general intent of the will: Lewis's Est., 3 Wharton 162; Horwitz v. Norris, 60 Pa. 261; Patton's Est., 268 Pa. 367; Simpson's Est., 245 Pa. 244.

*Fred. W. Breitinger*, for Franklin Trust Co. of Philadelphia, Guardian ad litem for Gordon Victor Alvin Brinckle, a minor, cited: Smith v. Piper, 231 Pa. 378; Spring's Est., 216 Pa. 529; Field's Est., 266 Pa. 474; Wettengel's Est., 278 Pa. 571; White's Est., 132 Pa. 17; Stanton v. Guest, 285 Pa. 460; Reed's Est., 37 Pa. C. C. R. 205.

OPINION BY MR. JUSTICE SADLER, May 10, 1926:

This appeal is from an adjudication made by the orphans' court in the estate of Rachel A. Conner, who died on March 21, 1905. After making provision in her will for her now deceased husband, she gave the residue of her estate to the accountant in trust, to be held for the

benefit, in equal parts, of two sons and their children, "free and clear of debts, contracts, engagements, alienations and anticipations, and free and clear of all levies, attachments, executions and sequestrations." One-half of the income was to be paid to one son, Alvin Brinckle, and his child, Minor Gordon Brinckle; the second portion to the other, Addington L. Brinckle, and his child.

Alvin is now deceased, and the return from the fund created for his benefit is payable to Minor so long as he lives. Upon his death, the principal was given by the will to descendants of the latter, or the representatives of those who may not have survived their parents. As to the other one-half, a monthly payment was set aside for Addington during his life, the balance accruing being payable to his son, and to the latter was given the entire income upon the demise of his father. Upon the death of both of those named, the principal was given to the descendants of the grandson, if any survived. He died, however, after his father without any issue. Provision was made for the disposition, in this contingency, of the second half of the residuary estate so held, by two clauses of the will, the interpretation of which has given rise to the present controversy.

The testatrix first directed that, in case of the death of both Addington and his son, if "there shall be no descendants of my said grandson then living, to pay over, assign and convey the principal of said share to my grandson, Minor Gordon Brinckle," the child of Alvin, and the one entitled to the income of the other one-half. This provision was immediately followed by the clause "in trust in case of the decease of my said son, Addington L. Brinckle, and his son, Addington Gordon Brinckle, without their [there] being, at the death of the survivor, any descendants of my said grandson then living, to pay over, assign and convey the principal of said share to the trustee of the other moiety of my residuary estate, to be held upon the same trusts as though said

share had originally formed part of said other part or share."

Minor Gordon Brinckle claims that the portion set aside for the benefit of Addington and his son is now payable directly to him under the terms of the will recited. The court below determined that the one-half in question should be retained by the trustee of the residuary estate, and the income alone given to appellant during his lifetime, the principal to await distribution until death, at which period it would pass to his children or the descendants of any who may not have survived. One son has been born to him and is living, and was represented in this proceeding by a guardian ad litem. The wording of the will is unfortunate, in that there is a direction to pay to the present claimant the principal of the one-half share held in trust for Addington and his son, immediately followed, as observed, by the provision that this portion of the residue, in the contingency which has occurred, should be held by the trustee as a part of the residuary estate "on the same trusts as though the said share had originally formed part of said other part or share," referring to that half indisputably held for the grandson, Minor, during life only.

It is insisted that an absolute estate having been first given by the testatrix, it cannot be cut down by the subsequent direction that the fund in question be held in trust. In passing upon the correctness of this contention, it is to be kept in mind that, where an unlimited gift has been made, the interest passing will not be reduced by later words appearing in the will, unless it is reasonably certain that this was the intention. "Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld......On the other hand, where it is apparent from the words of the will that the dominant

purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all of its inherent qualities": Pattin v. Scott, 270 Pa. 49, 51; Robinson's Est., 282 Pa. 531.

So, it has been decided that if it appears from all of the language used that there was a purpose to give the entire interest, any restriction upon its use is ineffective (Kirkpatrick's Est., 280 Pa. 306; Williamson v. Greene Improvement Co., 278 Pa. 358), and mere directions as to how the life tenant may dispose of the remainder is insufficient to cut down the fee already granted: Smith v. Bloomington Coal Co., 282 Pa. 248. When appropriate words have been used to pass the absolute estate, the language subsequently employed must fairly indicate the purpose to reduce the interest previously given, if the attempted restriction is to be sustained: Long's Est., 270 Pa. 480. Where, however, the context makes clearly apparent the dominant intent of the testator that less than a fee shall be transmitted, only such interest, as limited, will pass: Deeter's Est., 280 Pa. 135; Wettengel's Est., 278 Pa. 571; Schuldt v. Reading Trust Co., 270 Pa. 360; Stanton v. Guest, 285 Pa. 460. In the present case, a reading of the entire will makes plain the purpose of Mrs. Conner to provide for her sons, and then for the grandsons who are living at the time of their death, and that the principal shall pass ultimately to the great-grandchildren. It will be noted that spendthrift trusts were provided for the descendants of the first and second generations so there could be no dissipation of the estate during their lives, a clear indication of the desire that the entire corpus be preserved for those to take finally.

Appellant insists the direction that the one-half part shall be paid to the trustee to be held for his benefit, the principal passing to his children, was intended to cover

only the contingency of the possible death of Adding-
ton's son during the father's lifetime, but this argument
disregards the express wording of the clause in question
that the payment shall be made upon the death of either
father or son "to the trustee of the other moiety of my
residuary estate [that is, the portion held in trust for
claimant], to be held upon the same trusts as though
said share had originally formed part of said other part
or share."

It is true, as argued, that the first clause referred to,
standing alone, would give an absolute estate in the one-
half of the corpus to the life tenant of the other part,
but taken in connection with the words which follow,
and considering the manifest purpose of the testatrix
to hold all of her property free of claims of creditors of
any of her heirs for the benefit of her great-grandchil-
dren, we are inevitably led to the conclusion that the
adjudication of the court below was correct. There is
no apparent reason for holding that testatrix intended
one-half of the fund should remain in trust for Minor
Gordon and his issue, as admittedly provided for, and
that the other one-half should pass to him outright upon
the death of the life tenants first entitled to the income
from it.

The two phrases used are inconsistent, but the pur-
pose of the testatrix, as gathered from the will as a
whole, seems not doubtful. Rules of construction have
no place in determining the disposition of the property
devised, where the intention of the decedent can be fairly
gathered from the words employed (Deeter's Est.,
supra), yet it may be noted that the two paragraphs,
one giving the absolute estate, and the other providing
for continuance of the one-half of the fund in trust, ap-
pear in the order named, and if the matter were to be
determined on consideration alone of the two repugnant
and irreconcilable phrases, the latter would necessarily
control: Buechley's Est., 283 Pa. 107; White's Est., 132
Pa. 17; Patton's Est., 268 Pa. 367. Under the circum-

1926.]                    Opinion of the Court.

stances appearing here, it is not necessary to apply this principle of construction, though adverted to by the learned court in passing upon the question involved.

The decree of the court below is affirmed at the costs of the appellant.