## Harrison's Estate.

Argued November 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Maurice Saul,* of *Saul, Ewing, Remick & Saul,* with him *Edmund R. Finegan,* for appellant.—The word "advances" ordinarily means "loans" not "advancements": Mosser Co. v. Cherry River B. & L. Co., 290 Pa. 67.

An intent does not appear to use the word "advances" in a restricted sense to mean "advancements."

If the word "advances" is construed in a restricted sense to mean "advancements" the provision has no effect, for advancements are impliedly forgiven by a will: Sharp's Est., 16 Phila. 403; Wolf's Est., 9 W. N. C. 260.

*William T. Connor,* with him *John R. K. Scott,* for appellee.—That the words of the eighth clause of the will will not serve to convert what was recognized as a loan of a debt into an advancement has been settled by a number of decided cases in this jurisdiction: Seagrist's App., 10 Pa. 424; High's App., 21 Pa. 283; Strock's Est., 158 Pa. 355.

OPINION BY MR. JUSTICE WALLING, January 6, 1930:

Clause eight of the last will of the late Mitchell Harrison, of Philadelphia, is: "I forgive my son Kearsley and my daughter Nathalie any advances which may be charged against them upon my books as of the date of this will." Its proper construction as relates to the son, Kearsley, is the only question involved in this appeal by him from the decree of the orphans' court. Testator died August 19, 1927, having executed the will here in question on May 23d of the same year. He was survived by his widow and by certain children and grandchildren for whom the will provides. Testator kept books in which was entered an account, inter alia, of

financial transactions with his son, Kearsley. At the date of the will and also at testator's death there appeared therein, under the head of "Advancement Ac.," amounts totalling $60,000 and under the head of "Loan Ac." a balance of $12,870.88, and for which latter amount testator held the son's note dated February 15, 1924. This note was found among testator's papers and the question is, Was the indebtedness represented thereby forgiven by the eighth clause of the will? We have reached the conclusion, in harmony with that of the majority opinion of the orphans' court, that it was not.

"Advancement," as a law term, signifies "a pure and irrevocable gift, by a parent, in his lifetime to his child, on account of such child's share of the estate, after the parent's decease": Miller's App., 31 Pa. 337; Long's Est., 254 Pa. 370, 375. While one meaning of the word "advance" is payment before maturity, yet in a broader sense it may include gifts, loans, or advancements. "While the word in its strictly etymological significance indicates money paid before or in advance of the proper time of payment, and does not therefore imply a loan, it has been so frequently used as its equivalent that it may be said that the word, whether taken according to its meaning in law or according to its meaning in common usage, includes loans as well as gifts": 2 C. J. 32. This is quoted with approval in Mosser Co. v. Cherry River B. & L. Co., 290 Pa. 67, 70. 2 C. J. 32 also says that in its strict legal sense the word "advances" does not include "advancements," yet, in the instant case, it manifestly does. The same volume at page 33 refers to the word "advances" as used in contracts as follows: "While the use of the word in contracts has been in many instances construed, the word has no such certain meaning that the court can determine the sense in which the term is used by the parties without examining the contract as an entirety and seeking the aid of the surrounding circumstances and the practical construction of the contract by the parties themselves." In High's

App., 21 Pa. 283, Mr. Justice LEWIS, delivering the opinion of the court, says, inter alia (page 287) : "The word 'advanced' may mean a 'giving beforehand without expectation of recompense'; or, 'the furnishing of money or goods in expectation of reimbursement.'" Had the will here stated as in Wright's App., 89 Pa. 67, viz.: "I have loaned sundry amounts of money to my children and some of my grandchildren, as hereinafter set forth, which loans I wish to be considered as advances to them, and to be taken as money due from them to me, and in the distribution of my estate amongst them, to be deducted from his, her or their share thereof," the solution would be easy. In view of the language and circumstances of the case just cited, it was held that the words "loaned" and "advanced" were used interchangeably. It is also true that the words "advances" and "advancements" are sometimes used interchangeably. The question in the instant case is the meaning of the word "advances" as used by the testator. Keeping in mind that the books to which he refers contain an account of advancements and an entirely separate account of loans, we are not persuaded that he intended to include the loans with the advancements by the words "any advances." Had he so intended, it could easily have been expressed. Testator's retention of the note until his death and leaving it as an apparent asset of his estate is a circumstance against the theory that the will forgave the debt thereby secured. We have so held where the contention was that the will converted a loan into an advancement. See Strock's Est., 158 Pa. 355, 358. True, a will silent as to advancements may operate as a forgiveness of them, yet we are not impressed with the argument that therefore the expression would be purposeless unless including loans. It was, at least, explanatory and proper as showing testator had not overlooked the advancements. Many expressions in wills are without legal effect, as the direction for the payment of testator's just debts, or giving the wife all her legal

rights. The name of the daughter Nathalie appears in the same clause, which it would not if that word was merely intended to embrace loans: for testator's books show substantial advancements to her, but no loan is charged against her. We are clear it was intended to embrace the advancements; the only question is whether it was also intended to embrace loans. The parol evidence taken throws no important light on the question here involved. That no authority called to our attention seems to come close to the instant case may result from the fact that the construction of each will depends largely on its own facts. While the question is debatable, we are not convinced that error was committed by the orphans' court.

The decree is affirmed and appeal dismissed at the cost of appellant.