Friday's Estate.

Argued April 28, 1942.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHY, JJ.

*William I. King,* for appellants.

*John M. Gallagher,* with him *Linus P. McGuiness* and *Clarence A. Fry,* for appellees.

*John G. Frazer, Jr.*, with him *Sherman T. Rock* and
*Reed, Smith, Shaw & McClay* for appellees.

OPINION BY HIRT, J., September 30, 1942:

Appellants were not among the beneficiaries named
in two decrees of the orphans' court (the subject of
these appeals) distributing the corpus of trust funds
under the will of Jacob Friday. This testator, by his
will, after specific legacies for charitable and religious
purposes and the devise of real estate, created a trust
of seven-tenths of his residuary estate. Of the fund so
established he directed, in section 6b of the will, that
$15,000 be set apart for the life use of his daughter
Flora A. Ahlberg and a like amount for the use of each
of his two other daughters. In addition in section 6c,
one-sixth of the income earned on the remainder of the
fund was directed to be paid to each of his three
daughters. By the same provision of the trust, one-
sixth of the income of this residue was made payable to
Laura Marie Friday, a granddaughter of testator and
the daughter of Emil Friday, a deceased son of testator;
one-sixth to the children of Walter E. Friday, another
deceased son; the remaining one-sixth of the income,
to the children of Victor O. Friday, a third deceased
son. Testator had but six children, three daughters,
and the three sons all of whom had died before the will
was made. Laura Marie Friday married A. E. Kountz
and died in 1927 leaving three children, appellants here-
in.

Section 6d of the will provides that at the death of
Flora A. Ahlberg: "the said Trust Fund of Fifteen
Thousand Dollars set apart for her, together with the
full one-sixth interest in the remainder of said trust
fund, shall go to and vest in her children, share and
share alike, and the Trustee shall continue to hold, in-
vest and reinvest the same and pay the income thereof
to said children in equal shares. When and as said
children shall attain the full age of thirty years the

corpus of said fund shall be distributed and paid them."
(The same provision applied to the distribution of
corpus on the death of each of the other two daughters).
Flora A. Ahlberg, died on August 21, 1940, a widow,
without issue, and in the decrees to which these appeals
are directed, the orphans' court distributed the prin-
cipal sum of $15,000 and one-sixth of the remainder of
the corpus of the trust set up for Flora A. Ahlberg, as
directed by section 6g of the will, as follows: "In event
of death of my daughter, Flora, ...... without surviv-
ing issue, the share of said daughter ...... shall go to
and vest in my surviving children and in the children
of my sons, Walter E. Friday and Victor O. Friday,
said children to be entitled to the share their father
would have received if living, and to be added by my
said trustee to their respective interests in this trust
and held and distributed in accordance with the terms
thereof." Notwithstanding this plain language of the
will which clearly excludes the children of Laura Marie
Kountz, appellants contend that they are entitled to
share in the distribution of the fund. On the premise
that there were six lineal branches of testator's family,
appellants argue that the will as a whole does not in-
dicate that testator intended to limit distribution to
five of them to the exclusion of the sixth. With this
position we cannot agree. From the fact that testator
placed his daughters and the children of deceased sons
in positions of equality, per stirpes, in the distribution
of income earned on the residue of the trust, it does not
follow that he intended equality of distribution of the
corpus on the death of the life beneficiaries, in the face
of plain language which clearly indicates a contrary
intent.

The will as a whole does not support the contention
that its dominant scheme was equality of distribution
per stirpes. The daughters were preferred by the ex-
plicit provision of section 6b. The children of the de-
ceased son Victor Friday were given a house and lot

in Pittsburgh by the 5th section of the will and thus were treated better than Laura Marie and the children of the son Walter. Laura Marie, the only child of the third deceased son was not made a beneficiary of the trust along with testator's living daughters under section 6b, but she, by section 6c was given a full one-sixth of the income of the residue of the trust with remainder to her children, under 6d, and in this respect was preferred over all other grandchildren of testator. In section 7, which created another trust of three-tenths of the residue, there was ultimate equality of distribution among all grandchildren share and share alike upon termination of the trust. And during the term of the trust, any grandchild was entitled to a preference on compliance with prescribed conditions and educational or occupational requirements.

A construction of a will which works a distinction among heirs is to be avoided where possible (*Hood's Estate*, 323 Pa. 253, 186 A. 740; *Edelman's Estate*, 276 Pa. 503, 120 A. 457; *Doyle v. McKean's Estate*, 132 Pa. Superior Ct. 285, 200 A. 715) but this principle applies only where language of the will is lacking in clarity and its meaning is uncertain. The universal rule in construing a will requires that, if possible, effect shall be given to every part of it. If the language employed by a testator in disposing of his estate is plain and clearly discloses his intention, the will interprets itself and hence no rules of construction are necessary to aid in its interpretation. "All mere technical rules of construction must give way to the plainly expressed intention of a testator, if that intention is lawful. It is a rule of common sense as well as law not to attempt to construe that which needs no construction": *Wood v. Schoen*, 216 Pa. 425, 66 A. 79. "While in some instances it is essential in construing a will, to put ourselves in the testator's place and to consider the circumstances surrounding him when he made it (*Brooklyn Tr. Co. v. Warrington*, 277 Pa. 204, 120 A. 825),

there must be something within the will which requires this": *Trask v. Shaffer,* 140 Pa. Superior Ct. 505, 14 A. 2d 211. In the application of the rule we are to reach a conclusion based upon the language used when its meaning is apparent. *Torchiana's Estate,* 292 Pa. 470, 141 A. 294.

The present will discloses a comprehensive and complete scheme of distribution and in it there is every indication that testator intended distribution in accord with the letter of his explicit directions. He was free to dispose of his estate as he pleased. He chose a plan which worked some inequality among the classes of his lineal descendants but whether there was good reason for his preferences does not affect the question. As gathered from the unambiguous language of section 6g of the will, testator's intent was to exclude appellants, on the death of Flora, from sharing in the corpus of the trust created for her benefit. We must respect the intention of the testator, thus clearly expressed. Any other conclusion would require us to rewrite the will. This we may not do. *Smith's Estate,* 314 Pa. 437, 171 A. 587; *Hirsh's Trust Estate,* 334 Pa. 172, 5 A. 2d 160.

The decrees are affirmed at the costs of appellants.