Smith Estate.

Argued September 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Drayton Heard,* with him *Heard & Heard,* for appellants.

*Robert F. Barnett,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 31, 1944:

The question is whether *during administration* the whole income from the residuary estate is to be divided equally among the shares without deduction of advancements in the calculation.

Testatrix divided her estate into four residuary shares. Two shares were placed in separate trusts for descendants of two of her children who had predeceased her. The other two shares were given to her two surviving children absolutely. Final settlement and distribution was authorized to be postponed beyond the ordinary period of administration. Advancements had been made by testatrix to two of her children, with testamentary directions that the amounts of same should be added to the residue of the estate, without interest. The court below directed that the amounts of the advancements and all income to date of distribution be added to the principal, and that the residue should then be divided into four equal shares, such shares to be adjusted by deducting the advancements, without interest, from the shares affected. Appellants maintain that income should be calculated *as of the date of death* and not as of the time directed for distribution. The ruling of the court below was correct.

An advancement as defined by this Court is a pure and irrevocable gift, by a parent in his lifetime, to his

child, on account of such child's share of the estate, after the parent's decease: *Miller's Appeal,* 31 Pa. 337; *Long's Estate,* 254 Pa. 370, 98 A. 1066; *Harrison's Estate,* 298 Pa. 514, 148 A. 704. It is to be treated as if repayment had been made to the estate, the total divided among the heirs, and the advancement deducted from the share of the one advanced. The whole is placed in hotchpot, the advancement added and the total divided: *Whitman's Appeal,* 2 Grant 322; *Wagner's Appeal,* 38 Pa. 122; *McConomy's Estate,* 170 Pa. 140, 32 A. 608; *Doverspike's Estate,* 61 Pa. Superior Ct. 318. Advancements do not bear interest: *Miller's Appeal,* supra; *Farnum's Estate,* 176 Pa. 366, 35 A. 232; *Knight's Estate,* 253 Pa. 290, 98 A. 558; *Stahl's Estate,* 25 Pa. Superior Ct. 402. Interest is charged, however, after the legal period for the settlement of the estate: *Ford's Estate,* 2 W. N. C. 113; *Patterson's Appeal,* 128 Pa. 269, 18 A. 430, or from the time when the other heirs received the balance due. *Yundt's Appeal,* 13 Pa. 575.

In this case testatrix extended the time of settlement of her estate; hence no *interest* was chargeable on the advancements, as the time allowed for settlement had not been exceeded.

Appellants, however, maintain that the adjustment of principal should be calculated *as of the date of death* and that the adjusted shares of principal (with allowance for deduction of advancements) should proportionately receive the income earned since that date. This question was similarly raised in *Stahl's Estate,* supra. The contention was rejected by the Superior Court. Judge PORTER said (page 405): "This would in effect be to make a charge against the advancements for delay, in the nature of interest, from the date of the death of the testator. The will of the testator did not so direct; it contemplated an equal division of the residue, taking into account the amount which each son had received by way of advancement." This is an accurate exposition of the law with which we are in entire accord.

Appellants seek to distinguish these principles. It is maintained that the words of the will are "plainly evident" and "expressed quite clearly" that income was to derive *pro rata* from the shares of the augmented residuary *principal*. We have examined the will and its codicils with care and are unable to attribute any such intention to testatrix. As we construe this will, testatrix divided her estate into four equal shares, made provision for adjustment of advances, and extended the time for settlement and distribution of the residuary estate. We discover no reason for taking this case out of the rule as above stated.

The appeals are dismissed and the decree of distribution is affirmed at the cost of the appellants.