Laughlin Estate.

Argued March 13, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*W. Bradley Ward,* with him *Charles G. Gartling* and *Lemuel B. Schofield* for appellants.

*Joseph V. Somers,* for appellee.

OPINION BY RHODES, J., April 16, 1945:

These appeals are from the dismissal of exceptions to a decree of distribution, and involve the construction of the will of Teresa Laughlin. Testatrix died on January 16, 1941, leaving a will dated December 28, 1937. She was survived only by three children, Henry Laughlin, Stella M. Shannon, and George Laughlin, all of whom are sui juris. Henry Laughlin and Stella M. Shannon are the appellants.

Testatrix in item one of her will directed payment

of her debts and funeral expenses. She then provided as follows:

"SECOND. All the rest, residue and remainder of my estate, real, personal and mixed and wheresoever situate, I give, devise and bequeath as follows:

"To my Trustee, hereinafter named, one third thereof in trust, however, for the uses and purposes as hereinafter set forth for the benefit of my son, George Laughlin and his family; provided, however, that inasmuch as my son, George Laughlin, the beneficiary of this trust estate, has received from me during my lifetime sums of money at various times, in excess of amounts given to my other children, I direct that his portion of my estate shall be chargeable as follows:

"First, with an amount equal to the carrying charges, namely, taxes and water rent of my property known as 650 E. Westmoreland Street in the City of Philadelphia, for the term that he has occupied it approximately eighteen years preceding the date of this my will.

"Second, with an additional amount equal to the taxes and water rent of my said property at 650 E. Westmoreland Street from the date of this my will, until my decease.

"Third, with any and all sums of money which I may advance to him or to his wife from the date of July 15th, 1937, until my decease, an account of which shall be kept by me.

"And the Trust Estate, as so diminished, I direct my Trustee to administer as follows: To invest, re-invest and keep invested the principal thereof, which shall include my property at 650 E. Westmoreland Street, at a valuation as regards the distribution of my estate, of Four thousand one hundred fifty dollars, and to apply the income therefrom to the support and maintenance of my son, George Laughlin, and his dependents, in weekly installments of Twenty-five dollars."

Then follows a direction to the trustee to expend, if necessary, principal and income for the benefit of George

and his dependents, in the trustee's unrestricted discretion, and certain other trust directions not pertinent to the present issues.

After thus providing, the foregoing item concludes as follows:

"And the remainder of this Trust fund upon the death of my son, George Laughlin, shall be distributed among his descendants according to the intestate laws of the Commonwealth of Pennsylvania.

"And all the remainder of my said residuary estate, I direct shall be divided equally between my son, Henry Laughlin and my daughter, Stella M. Shannon, their heirs and assigns, absolutely and forever."

The family of George Laughlin, decedent's son, consists of George himself, his wife, and six children. Two children are minors, and a guardian ad litem was appointed for them. Two adult sons are in the armed forces of the United States and presently serving overseas, and a trustee ad litem was duly appointed for them.

The total amount of the obligations listed against George is $9,533.09. The auditing judge treated this sum as an advancement, considered it repaid to the estate by George, divided the total among the three children, and then deducted the advancement from the share of George. The doctrine of hotchpot was applied in the distribution of the estate. The auditing judge further directed that the fee of the guardian and trustee ad litem be charged against principal generally.

Exceptions were filed by appellants to the method of distribution and to the direction by the auditing judge that the fee of the guardian and trustee ad litem be paid out of the whole estate.

The judges in the court below were unanimous in their opinion that the exceptions relative to the fee of the guardian and trustee ad litem should be dismissed, but were equally divided as to those exceptions which involved the interpretation of the will. All exceptions

were therefore dismissed and the adjudication was confirmed absolutely.

The differences in view arise out of the application of the doctrine of hotchpot, and consideration of the sum as an advancement. *Smith Estate,* 350 Pa. 418, 420, 39 A. 2d 513. It is true that the doctrine of hotchpot makes for general equality, and that the law leans toward equality (*Hirsh's Trust Estate,* 334 Pa. 172, 177, 5 A. 2d 160; *Doyle et ux. v. McKean's Estate et al.,* 132 Pa. Superior Ct. 285, 288, 200 A. 715), but it is fundamental that the function of courts is to construe, not to make, a will for the testator (*Grothe's Estate,* 229 Pa. 186, 190, 78 A. 88). It is likewise true that there is a presumption that the heir is never to be disinherited except by plain words or necessary implication; however, the presumption cannot be permitted to defeat the intention of a testator, which is expressed in apt words or appears by clear implication. *Grothe's Estate,* supra, 229 Pa. 186, 190, 78 A. 88; *Friday's Estate,* 150 Pa. Superior Ct. 352, 28 A. 2d 332.

Presumptions are applied, and resort is had to rules of construction in determining the disposal of property, only where the language of a testator is not clear, and there is ambiguity in the meaning of his words. *Conner's Estate,* 286 Pa. 382, 388, 133 A. 545; *Ludwick's Estate,* 269 Pa. 365, 370, 371, 112 A. 543; *Rosengarten Estate,* 349 Pa. 32, 37, 38, 36 A. 2d 310. Technical rules of construction must give way to the plainly expressed intention of a testator. *Wright's Appeal,* 89 Pa. 67, 70. Such intention, once determined, will be effectuated unless in contravention of some established rule of law or public policy. *Mereto's Estate,* 311 Pa. 374, 377, 166 A. 893.

Our Supreme Court has said that "An advancement ...... is a pure and irrevocable gift, by a parent in his lifetime, to his child, on account of such child's share of the estate, after the parent's decease: Miller's Appeal, 31 Pa. 337; Long's Estate, 254 Pa. 370, 98 A. 1066;

Harrison's Estate, 298 Pa. 514, 148 A. 704. It is to be treated as if repayment had been made to the estate, the total divided among the heirs, and the advancement deducted from the share of the one advanced. The whole is placed in hotchpot, the advancement added and the total divided: Whitman's Appeal, 2 Grant 323; Wagner's Appeal, 38 Pa. 122; McConomy's Estate, 170 Pa. 140, 32 A. 608; Doverspike's Estate, 61 Pa. Superior Ct. 318": *Smith Estate*, supra, 350 Pa. 418, pp. 419, 420, 39 A. 2d 513. However, the application of the doctrine of advancements is restricted to cases of intestacy (*Loesch's Estate*, 322 Pa. 105, 109, 185 A. 191; Act of June 7, 1917, P. L. 429, §22, 20 PS §135), except in the event of a will which therein clearly expresses otherwise, or where the donor died intestate as to part of the property (*M'Kibbin's Estate*, 207 Pa. 1, 5, 56 A. 62; *O'Connor et al. v. Flick*, 271 Pa. 249, 253, 114 A. 636).

Our only inquiry is in regard to the actual provisions of testatrix' will, and the criterion of their construction is the meaning of her words. *Mizener's Estate*, 262 Pa. 62, 66, 105 A. 46; *Hogg's Estate*, 329 Pa. 163, 166, 196 A. 503; *Rosengarten Estate*, supra, 349 Pa. 32, 38, 36 A. 2d 310. The law does not require her to express any reason for her scheme of distribution. See *Friday's Estate*, supra, 150 Pa. Superior Ct. 352, 356, 28 A. 2d 332. It is sufficient if the testatrix expresses a clear intention as to what is to be done with her estate. "If [her] language is clear it constitutes its own decree of distribution": *Hogg's Estate*, supra, 329 Pa. 163, 166, 196 A. 503, 504. In the present case the testatrix did give some reasons in her will for the distribution which she made of her estate.

We are of the opinion that the language of testatrix' will is clear, plain, and unambiguous, and presents no problem as to intention, and consequently to language which is clear and free of ambiguity no rule of construction is applicable. The language of the will

is not susceptible of an interpretation to the effect that testatrix intended equality in the distribution of her estate among her three children. The testatrix did not divide the "rest, residue and remainder" of her estate into three equal shares. She provided a method for the determination of the amount to be set up in trust for the benefit of her son George and his family. The trust fund was not to be one-third of the residue and remainder of the estate, but one-third less the charges enumerated. She required a deduction, not a collection. "As so diminished" the trust estate is to be administered. The "one-third thereof" (i. e., of the rest, residue and remainder of her estate) "as so diminished" thus constituted the trust estate; and "all the remainder of the said residuary estate" is then directed to be "divided equally" between Henry and Stella. Under such circumstances, the direction to divide equally between Henry and Stella the remaining residuary estate necessarily implies a deduction of the charges against George. See *Estate of Jacob Eichelberger Dec'd,* 135 Pa. 160, 170, 19 A. 1006. If it had been the intention of testatrix that each child was to have an equal one-third of the estate, she could have said so as clearly as she said that the remainder of her residuary estate should be divided equally between appellants. However, she first segregated one-third of the estate, charged that portion with certain obligations by which the beneficiary thereof had been benefited during her lifetime, and then provided that that portion "as so diminished" be administered in trust. The remainder of her estate she divided equally between her other two children. As testatrix' intention was clear, the mere fact that the word "advance" was used in one paragraph and "chargeable" in another is not controlling, since the word "advance" in a broader sense may include gifts, loans, or advancements. *Harrison's Estate,* 298 Pa. 514, 516, 148 A. 704. See, also, *Heath's Estate,* 286 Pa. 335, 341, 133 A. 558. Moreover the use of the word "advance" is

secondary to the word "chargeable." Testatrix was free to dispose of her estate as she pleased, and her will discloses a complete scheme of distribution.

We therefore adopt the construction which gives effect to all of the words of the will, and which we think recognizes a clearly expressed intention upon the part of the testatrix. See *Brennan's Estate*, 324 Pa. 410, 416, 188 A. 160. The adjudication should have awarded one-third of the residuary estate to Stella M. Shannon in trust for George Laughlin as diminished by the sum of $9,533.09, and the balance remaining in the hands of the executors, after setting up the trust for George in the manner and in the amount aforesaid, should be awarded equally to appellants.

In support of the plan of distribution adopted by the auditing judge and the court below, reliance has been placed on *Wagner's Appeal*, 38 Pa. 122; *McConomy's Estate*, 170 Pa. 140, 32 A. 608; *Doverspike's Estate*, 61 Pa. Superior Ct. 318. In each of these cases equal distribution was intended and the intention was expressed.

We find no abuse of discretion by the court below in directing the fee of the guardian and trustee ad litem be paid out of the whole estate. "Guardians and trustees ad litem are in a special sense representatives of the court": *Kenna Estate*, 348 Pa. 214, 219, 34 A. 2d 617, 619. Their services are rendered under the supervision of the court. The appointment was apparently made in order to protect and adjudicate the rights of minors and unborn heirs, and make the judgment of the court conclusive. It afforded security to all interested parties against future attack on the part of those who otherwise would not be represented and whose rights might not be precluded.

The decree of the court below is reversed, and the record is remitted with direction that distribution be made in accordance with this opinion. Costs are to be paid from the whole estate.