# Mohn's Appeal.

A testator made bequests to his widow, his second wife; he gave an equal share of the residue of his estate to a grandson the child of his only son by her and a share to each of his children of a former marriage. He directed in case his wife "takes property as by law entitled to take not exceeding $300 in addition to what I have in this my will given her, such sum of $300 shall be deducted from the share given to my grandson and my other children shall not be affected thereby." The widow refused to take under the will, took her thirds and also the $300. *Held*, that the $300 was to be deducted from the grandson's share.

May 6th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Orphans' Court of *Lancaster county:* Of May Term 1874, No. 102. In the distribution of the estate of Elias Redcay, deceased.

Emlen Franklin, Esq., was appointed auditor to report distribution of the balance in the hands of Isaac Fichthorn, executor, &c., of the decedent; he found as follows:—

The decedent by his will dated March 2d 1865 and proved February 20th 1867, gave to his wife, certain personal property, an annuity and the use, occupation and income of part of his real estate during widowhood; these bequests he declared to be "in lieu of her dower or one-third to which she as my widow by law would be entitled to out of my whole estate."

He directed all his real estate, and his personal estate not specifically bequeathed, to be sold as set out in his will. He then gave a number of pecuniary legacies, and directed the remainder of his estate to be divided into seven shares; he gave one of these shares

[Mohn's Appeal.]

to each of his children and the remaining share for the use—as directed in the will—of his grandson, Elias, the only child of his son Elias, deceased.　He then provided "that if in case my wife claims and takes property, as by law entitled to take, not exceeding three hundred dollars in addition to what I have in this my will given to her, then in such event such sum of three hundred dollars shall be deducted from the share as herein given to my grandson, and my other children shall not be affected thereby."

His widow was his second wife, and his deceased son Elias was her only child.

The widow refused to take under the will, and the real estate was sold by the executor subject to a charge of one-third of the purchase-money for her during her life.　She also claimed and received $300 of personal property under the Act of Assembly.

The only disputed question was whether the $300 should be taken from the share of Elias the grandson.

The auditor reported that the share of the grandson should be charged with that amount.

Henry G. Mohn, guardian of the grandson, excepted to the report: that auditor erred in deducting the $300 from the share of the grandson.

The Orphans' Court overruled the exception and confirmed the report.　The guardian appealed to the Supreme Court and assigned the decree of confirmation for error.

*J. B. Amwake*, for appellant.

*P. D. Baker*, for appellee.

Judgment was entered in the Supreme Court, May 18th 1874.

PER CURIAM.—There cannot be any doubt that the testator intended that if his widow, who was a second wife, should claim the $300 exemption, the loss to his estate should be thrown upon the share of her own child, and not upon the shares of the children by his former wife.　It was the testator's mode of equalizing his estate among his children, having provided as he thought fairly for his wife.　If, therefore, she chose to reject that provision, and claim according to law and in addition to take the $300, the presumption is that she believed that the portion thus taken would be better than the provisions of the will.　Consequently the shares of the children would suffer diminution by her claim at law, and the reason is stronger therefore that the $300 should come out of her own son's share.

Decree affirmed, appeal dismissed and the costs ordered to be paid by the appellants.