## Kahl's Estate.

Argued September 29, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Marquis M. Smith,* for appellants.

E. V. *Buckley,* of *Margiotti, Pugliese, Evans & Buckley,* with him *Kunkle, Walthour & Trescher,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, November 27, 1939:

John C. Kahl died survived by his widow, Margaret Mathilda, and three children of this marriage, Margaret, Alice and Richard, and two children by a former marriage, Rita and John Charles, Jr. In his will he created a trust and provided that it should be divided into five parts. He then said: "Fourth: (j) During the lifetime of my beloved wife, Margaret Mathilda Kahl, in the event she shall elect to take under this Will, or until her re-marriage, my said trustees shall hold in trust three (3) of the said equal parts, or three-fifths ($\frac{3}{5}$) of this trust estate, and shall pay to her the entire net income therefrom, preferably in monthly installments. . . . (1) In the event that my beloved wife, the said Margaret Mathilda Kahl, shall predecease me, or if she shall survive me then upon her subsequent death, or re-marriage, or upon her election to take against this Will, I direct that the said three (3) of the five (5) equal parts of this trust estate, hereinbefore referred to in sub-section (j), or the remaining balance of the said three (3) parts, as the case may be, shall be held in trust for and/or the net income therefrom and the principal thereof paid to my three (3) youngest children, Margaret Kahl, Alice Kahl and Richard Charles Kahl, in equal shares. . . . (1) I direct that the two (2) of the five (5) equal parts of this trust estate, hereinbefore referred to in sub-section (j), shall be held, managed, and controlled, as hereinbefore provided, and the net income therefrom and the principal thereof shall be paid to my two (2) eldest children, Rita Kahl and John Charles Kahl, Jr."

The widow elected to take against the will and the Orphans' Court held that the one-third of the estate

payable to her, by reason of her election, should be deducted from the three-fifths of the estate provided for in paragraph (j) and that the two eldest children should receive as their share two-fifths of the entire estate and not merely two-fifths of the balance remaining after the widow took her one-third.

This determination seems the more proper one as carrying out the general intent of the testator. It will be noted that he divided his family into two groups, first his widow and their children, and second his children by a former marriage. To the first group he gave three-fifths of his trust estate and to the second two-fifths. The income from the first three-fifths part of the trust estate was intended to be used to provide for the widow and her children. The widow was to take the entire income for life. Obviously the testator intended that out of this income she would support the three children, as he made no provision for them during the widow's lifetime. In the provision for his widow and their children, he said: "In the event my beloved wife, the said Margaret Mathilda Kahl, shall survive me then . . . upon her election to take against this Will, I direct that the said three (3) of the five equal parts . . . or the remaining balance" shall be held in trust for his three youngest children. No such provision was made in paragraph 4 (m) containing the gift to the two eldest children. These provisions indicate that the testator intended that if his widow elected to take against the will he wanted her one-third to come from the three-fifths part he set aside for their family and not from the entire estate, thereby reducing the amount he gave to his two eldest children.

The testator expressly provided that on his widow's election to take against the will, her children should receive what remained of the three-fifths part; he, therefore, must have intended that her share should be deducted therefrom. No such provision was made in the gift of the remaining two-fifths to his eldest children.

The court below was justified in concluding that the testator intended his eldest children to have their share unaffected by any action his widow might take.

Decree affirmed at appellants' cost.