Houston Estate.

Argued May 26, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Wilson A. Wert*, with him *Snyder, Wert & Wilcox*, for appellant.

*Harold A. Butz*, with him *Butz, Steckel, Hudders & Rupp*, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, June 24, 1952:

William T. Houston died testate on September 20, 1949. By his will he provided that should his widow elect to take against his will, his two sons were to receive nothing. His widow did so elect and his sons filed exceptions to the proposed schedule of distribution

398

alleging that the above clause was against public policy and void. The Orphans' Court of Lehigh County dismissed the exceptions and confirmed the account. One son, William T. Houston, Jr., has appealed.

Testator's will was dated February 2, 1935[1]. In it, he provided that after the payment of debts his entire estate, now totalling $120,036.38, should be left in trust with directions to pay to his widow the sum of $150.00 per month for life. Upon her death the two sons were to receive $50.00 a month each for life. The remainder was to go to the children of the sons when they attained the age of twenty-one. Paragraph 14 of the will, which gives rise to this dispute, provides: "Should my wife, Anna Houston, elect to take against this, my last will and testament, I do hereby revoke and make void any provision or provisions for either or both of my sons . . ." Then followed an alternative gift of the income to testator's sister during her life and her children during their lives.

When the widow elected to take against the will, the executor filed his account and proposed schedule of distribution in accordance with the provisions of Paragraph 14 and that account was confirmed by the learned court below. Appellant's principal argument is that Paragraph 14 places the widow in a position where she must either take the relatively small bequest given her by the will or by electing to take against the will effect the disinheritance of her children. It is his contention that to put the widow to such a choice is against public policy and the clause is therefore void.

It has long been the law of this Commonwealth that a testator may make provisions to take effect should his widow elect to take against his will and that such

---

[1] A codicil, dated September 9, 1949, was later added solely for the purpose of changing the executor and trustee. In all other respects the provisions of the will remained unchanged.

provisions are valid: *Alexander's Estate,* 341 Pa. 471, 19 A. 2d 374; *Kahl's Estate,* 336 Pa. 376, 9 A. 2d 346; *Carr's Estate,* 138 Pa. 352, 22 A. 18; *Mohn's Appeal,* 76 Pa. 92. While the wisdom of including such a clause in a will may be open to question the law does not require that the distribution provided by will be wise or even equitable provided the testator has clearly expressed his intention: *Friday's Estate,* 150 Pa. Superior Ct. 352, 28 A. 2d 332. The public policy of Pennsylvania in regard to disinheritance of relatives is readily determined by an examination of the Wills Act of April 24, 1947, P. L. 89. Under that Act the only person who cannot be disinherited is the surviving spouse. Certainly then, if a testator may disinherit his children, he may also condition their legacies so that the happening of a certain event will result in their disinheritance. Here, it is true, the widow was faced with the unfortunate choice of receiving a small legacy or causing the children to lose their bequests, but that, once again, is a question of the wisdom of the testator and not public policy.

Appellant argues that the condition attached to the gifts to the children was a condition subsequent and must be declared void as working a forfeiture. That same argument was made in *Alexander's Estate,* supra, and in *Carr's Estate,* supra. In both of those cases the rule was laid down that the widow's election to take under the will is a condition precedent to the vesting of the gift in the children. Since it is a condition precedent there can be no forfeiture.

Testator, after providing in Paragraph 14 for the income to be paid to his sister for life and her children for their lives, then provided: "Upon the death of any child of my sister, Mary Campbell, dying after my sister, I give, devise and bequeath a part or share of the corpus of the Trust Fund which shall be found by dividing the

whole corpus by a number equal to the number of my sister's children living immediately before the time of the death of a child of my sister, and including in the number the child so dying as aforesaid." It is appellant's contention that this clause fails to make a disposition of the remainder and that this failure was deliberate. We fail to see any relevance of this argument to the issues here raised. Whether that clause fails as a gift over and if so, whether the failure was intentional or the inadvertent result of faulty draftsmanship is entirely immaterial to this case. The fact is that there is a valid trust created under Paragraph 14 which became effective when the widow elected to take against the will. Any question as to who receives the remainder upon the termination of the trust cannot affect the validity of the trust itself. See *Quigley's Estate,* 329 Pa. 281, 198 A. 85, where it was held that questions as to the validity of a gift over may be decided only upon the termination of the valid preceding interests.

The learned court below properly held that the provisions of testator's will here disputed are valid and enforceable. Accordingly, the entry of a decree ordering distribution in conformity with those provisions was correct.

Decree affirmed at appellant's costs.