## Grieco Estate.

Argued April 25, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward M. Seletz,* with him *Seletz and Clark,* for appellant.

*Francis A. Ferrara,* with him *Donald W. Sparks,* and *Kassab, Cherry, Curran & Archbold,* and *Eckell, Sparks & Monte,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1968:

Testator, Joseph J. Grieco, died on December 20, 1964, survived (a) by a minor child of his marriage to his widow Theresa; and (b) by three grandchildren, who were children of a deceased child by a prior marriage; and (c) by several brothers and sisters. In his will, dated June 2, 1964, which was drawn by his at-

torney, testator made a number of pecuniary bequests to relatives and employees; he bequeathed his diamond ring to a grandson; and then made the following provision:

"ITEM: I give and bequeath to my brother, George Grieco, fifteen (15%) percent of my printing business including fifteen (15%) percent of the land, building and equipment in which said business is conducted, 131 East Seventh Street, Chester, Pennsylvania.

"ITEM: I give and bequeath to my brother, Lorenzo Grieco, fifteen (15%) percent of my printing business including fifteen (15%) percent of the land, building and equipment in which said business is conducted, 131 East Seventh Street, Chester, Pennsylvania.

"ITEM: I give and bequeath to my wife, Theresa Mary Grieco, seventy (70%) percent of my printing business including seventy (70%) percent of the land, building and equipment in which said business is conducted, 131 East Seventh Street, Chester, Pennsylvania.

"ITEM: All of the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever Situate, I give, devise and bequeath to my wife, Theresa Mary Grieco, absolutely and in fee simple."

The property situate at 131 East Seventh Street, Chester, Pennsylvania, together with the aforesaid printing business conducted thereon, were acquired on or about August 31, 1961 by the testator and his widow Theresa *as tenants by the entireties.* The widow elected to take under the will.

The executors (the widow and the scrivener of the will) filed their account in the Orphans' Court for audit and approval. The statement of proposed distribution did not provide for the distribution to the testator's brothers, George and Lorenzo, of the 15%

interest in the printing business and the land, building and equipment which was bequeathed and devised to them in his will. Testator's brothers thereupon filed objections to the proposed distribution which were sustained by the Orphans' Court. The widow has appealed.

The respective contentions of the parties are as follows: The widow claims that the printing business, including the land, building and equipment, were owned by her and the testator as tenants by the entireties, and at his death (1) became her property by operation of law, and (2) as a result did not constitute property which he could dispose of by will. Brothers George and Lorenzo, on the other hand, claim that by electing to take under the will and by accepting the gift of the testator's entire residuary estate, the widow abandoned or gave up or lost her title to the entireties property.

We recently had occasion to review the doctrine of equitable election with respect to property owned as tenants by the entireties and held that it was not applicable. *Peden Estate,* 409 Pa. 194, 185 A. 2d 794; cf. also *Williams Estate,* 349 Pa. 568, 37 A. 2d 584. In *Peden Estate,* the testator provided as follows (page 196): " 'Second: I specifically devise to my Trustee hereinafter named the following particular pieces or parcels of real estate which I hold as tenant by the entireties with my wife, BELLA PEDEN, with the intent and purpose of putting my said wife, BELLA PEDEN, or her guardian as the case may be, *to her election* * of accepting her share under this my Last Will and Testament, or declining the benefits to her under this my Last Will and Testament and accepting only her intestate share, it being my belief that her interests will be better served by receiving *all of my estate* * as the

---

* Italics in original.

corpus of a Trust for her benefit than it would be to receive a fee in a portion of my estate, under circumstances existing as of the date of this Will:

" '(A) My residence at 4031 Davis Avenue erected on Lots 4019 and 4020 in the Homestead Park Plan, Borough of Munhall, Allegheny County, Pennsylvania.

" '(B) The premises at 109 West Virginia Avenue, Munhall, Pennsylvania, erected on Lots 1945, 1946 and 1947 in the Plan, Borough County and State aforesaid.' "

In that case we pertinently and controllingly said:

"Premises 4031 Davis Avenue and premises 109 West Virginia Avenue were owned as tenants by the entireties; as the result of this tenancy and John Peden's death, Bella Peden, the surviving spouse became vested with a fee simple interest in these properties, not by her husband's will but by operation of law. Moreover, as this Court said in Williams Estate, 349 Pa. 568, 37 A. 2d 584 (pages 569, 570): 'A testator has no power of disposition of property held by him and his wife by the entireties. The law fixes the absolute title therein immediately upon his death, and he could not dispose of what was not his own and where the law placed ownership in someone else.'

"The *general rule* is that a testator may condition his legacy; he may even condition his legacy on the election of his surviving spouse to take under or against his will: Schmick Estate, 349 Pa. 65, 70, 36 A. 2d 305; Carr's Estate, 138 Pa. 352, 22 A. 18; Mohn's Appeal, 76 Pa. 92. However, this general rule is subject to a number of exceptions, one of which is that such condition cannot be based upon an election to give up the spouse's own property, or in the alternative take against his will.

"It is, we repeat, clear . . . (c) [that] the properties owned as tenants by the entireties passed by operation of law to the surviving tenant, Bella Peden, in fee

simple, and (d) the law presumes that in the present circumstances Bella Peden took under her husband's will whatever interests he therein validly gave her, and (e) testator John Peden could not compel his wife or her guardian to elect to take property which belonged to her and not to him, plus other gifts under his will or in the alternative to take against his will.

"Appellants seek to invoke the doctrine of *equitable* election and contend that the two aforesaid elections to take against the will, even if invalid, constituted a renunciation of the provisions made for Bella in her husband's will. We are of the opinion that the doctrine of equitable election has no application in this case and in no event could constitute in law a renunciation by Bella of the valid provisions which her husband made for her in his residuary trust.

"To summarize: (1) Bella Peden became, by operation of law, vested at her husband's death with a fee simple title in the two properties hereinabove mentioned, which thereafter went to her heirs under her will; and (2) Bella Peden took under the aforesaid presumption, all the other gifts and interests which her husband validly bequeathed to her in his will; . . ."

The Orphans' Court attempted to distinguish *Peden Estate* on the ground that in that case the surviving spouse was incapable of and unable to make a valid election against the decedent's will by reason of her incompetency. That was not the reason or basis for the Court's decision, nor can it be so limited or distinguished.

The appellees seek to distinguish *Peden Estate* on the ground that a reading of its dispositive provisions demonstrates that the testator there knew he was bequeathing or devising property which was not his own. That is a distinction which in our judgment is without any legal difference. If anything, the instant case is even stronger for the widow. In the absence of any

language to the contrary in the Grieco will, it is evident that the testator was mistaken with respect to his ownership of the printing business and there is no language and certainly no clear intention that he wished or intended to put his widow to an election.

Pomeroy's Equity Jurisprudence, Fifth Ed. Volume 2, §475, well expresses the law: "The doctrine of election is not applicable to cases where the testator, erroneously thinking certain property is his own, gives it to a donee to whom in fact it belongs, and also gives him other property which is really the testator's own; for in such cases the testator intends that the devisee shall have *both*,* though he is mistaken as to his own title to one."

Decree reversed, each party to pay own costs.

Mr. Justice JONES and Mr. Justice ROBERTS concur in the result.

---

* Italics, ours.