**THIRD NATIONAL BANK IN NASHVILLE, etc., Appellant-Appellee,**

v.

**Harvey T. ·COTTEN et al., Appellee-Appellant.**

Supreme Court of Tennessee.

April 19, 1976.

Thomas P. Kanaday, Jr., Farris, Evans & Warfield, Stephen W. Ramp, Farris, Evans & Warfield, Nashville, for appellant-appellee.

J. C. Dale, Jr., Dale, Thompson & Miles, Nashville, for appellee-appellant.

## OPINION

FONES, Chief Justice.

This case presents the question of how federal estate and state inheritance taxes are to be apportioned when the widow

elects to take against the will of her late husband.

Appellees, who are the nieces and nephews of the testator, Allen G. Grizzard, and beneficiaries under his will, brought this lawsuit against appellant, executor of the testator's estate, alleging, *inter alia*, that appellant had wrongfully failed to charge the dissenting widow's statutory share of her late husband's estate with a portion of the federal estate and state inheritance taxes. Appellees also maintained that they were entitled to interest on the amounts they claimed were due them, and that they should be awarded attorneys' fees.

The Chancellor held that all of the federal estate and Tennessee inheritance taxes should be deducted prior to computing the dissenting widow's share, with the result that the widow was charged with one-third of the total tax burden. The Chancellor denied the claim for interest and attorneys' fees.

Appellant first argues that the widow should not pay any portion of the federal estate and state inheritance taxes imposed upon the estate because the testator specifically directed that those taxes be paid from his "general Estate." Appellant, relying on *Nashville Trust Co. v. Grimes*, 179 Tenn. 567, 167 S.W.2d 994 (1943), maintains that a direction to pay taxes out of the general estate is synonymous with an instruction to pay taxes out of the residuary estate. Because the testator has directed taxes to be paid out of a specific fund, appellant argues that the widow, even though she dissents from the will, should be allowed to take advantage of this provision under the authority of *Commerce Union Bank v. Albert*, 201 Tenn. 631, 301 S.W.2d 352 (1957). Thus, under this theory the widow would not be liable for state inheritance or federal estate taxes to the extent that sufficient funds were available in the residuary estate to pay those taxes.

Assuming without deciding that the term "general Estate" as used in this will is synonymous with the term "residuary estate," appellant's argument must fail because of another provision in the will.

■ In Item IX the testator provided, *inter alia*, that if his wife should dissent and take against the will, any provision in the will in her favor would become void. Under this provision the widow, because of her dissent, is precluded from claiming the benefits of the provision assessing taxes against the residuary estate. *See Tate v. Camp*, 147 Tenn. 137, 245 S.W. 839 (1923); *In Re Houston's Estate*, 371 Pa. 396, 89 A.2d 525 (1952). As to her, the effect is the same as if the will contained no instruction on the payment of taxes.

If the widow is not completely absolved from the payment of state inheritance and federal estate taxes, what portion is she to pay?

T.C.A. § 30–1117 provides that:

"Whenever the personal representative of an estate has paid an estate or death tax to the government of the United States under any federal tax law now in effect or hereafter enacted by congress, upon, or with respect to, any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. Such proration shall be made by the personal representative in the proportion, as near as may be, that the value of the property, interests and benefits received by all such persons interested in the estate, except that in making such proration allowances shall be made for any exemptions granted by the law imposing the tax and for any deductions allowed by such law for the purpose of arriving at the value of the net estate . . . . ."

This section operates to charge an individual only for that portion of the federal estate tax which the property he received actually generated.

■ Up to one-half of the adjusted gross estate passing to the widow is available for

the marital deduction[1] upon which there is no federal estate tax;[2] therefore, the widow is not subject to the payment of any prorated share of the federal estate tax under T.C.A. § 30–1117 on property she received from the estate which qualifies for the marital deduction.

While the allocation of state inheritance taxes is not controlled by T.C.A. § 30–1117, the widow is only liable for that portion of the inheritance tax that was attributable to the property she received as a Class A beneficiary. *See First National Bank v. McCanless*, 184 Tenn. 114, 195 S.W.2d 756 (1946). Any other result would require that she pay a portion of the taxes incurred by the Class B beneficiaries.

Appellees assign two (2) errors. They maintain that interest should have been awarded by the Chancellor on the funds wrongfully distributed to the widow. The law is clear in this state that interest as a matter of right is purely statutory, and its allowance is limited to those situations specifically enumerated by statute unless the chancellor in the exercise of his discretion awards interest. When there is no abuse of discretion this Court will not interfere with the Chancellor's decision. *Southern Const. Co. v. Halliburton*, 149 Tenn. 319, 258 S.W. 409 (1924); *Tennessee Fertilizer Co. v. International Agr. Corp.*, 146 Tenn. 451, 243 S.W. 81 (1922). There is no evidence that the Chancellor abused his discretion in not awarding interest, and his decision on this point is affirmed.

Secondly, appellees argue that attorneys' fees should have been awarded because their services inured to the benefit of the entire estate. Under our disposition their services did not inure to the benefit of the estate, and attorneys' fees are accordingly denied.

This cause is remanded to the Chancery Court of Davidson County for further proceedings consistent with this opinion.

BROCK and HARBISON, JJ., and LEECH, Special Justice, concur.

HENRY, J., not participating.

---

1. This assumes, of course, that the portion passing to the widow qualifies for the marital deduction.

