## Dudek Estate

*Thomas C. Jones,* for petitioner.
*Jack Palkowitz,* for respondent.

RAHAUSER, *J.,* January 24, 1980—Harry W., Dudek died April 15, 1979. On April 24, 1979 his last will was duly probated in the register of wills office of Allegheny County, Pa.

About three weeks after the probate of the will of decedent, Mrs. Dudek filed her "Election to Take Against the Will." She now wants to withdraw her election and abide by the terms of the will of decedent.

On October 2, 1979 Florence Dudek filed an "Election of Refusal to Take Under the Will." The instrument reads as follows:

"Know All Men by these Presents,

"That I, Florence A. Dudek, the surviving wife of Harry Dudek, deceased, who died April 15, 1979, leaving a Will dated January 13, 1977, duly admitted to probate by the Register of Wills of Allegheny County, Pennsylvania, and recorded in said County in Will Book Vol.   , page   , do hereby elect to refuse any rights that I may have take against the said Will

as set forth in the Act of April 18, 1978, PL42, No. 23.

"In Witness Whereof, I have hereunto set my hand and seal this 1st day of October, 1979.

Florence A. Dudek (seal)

"In the presence of John L. Rosnick"

The above notarized election was filed in Will Book Vol. 545, page 117-B.

Also, Mrs. Dudek filed a petition on October 17, 1979 entitled "Petition for Affirmance of Spouse's Election" and a hearing was scheduled for November 15, 1979. This hearing was consolidated with a proceeding on this matter initiated by the executor of the estate of Harry Dudek, deceased.

The question now before the court is whether or not Mrs. Dudek may legally withdraw her "Election to Take Against the Will" of decedent.

At the hearing before this court on November 15, 1979, Florence A. Dudek took the stand and introduced her "Election to Take Against the Will" and her "Election of Refusal to Take Under the Will" as Exhibits 1 and 2, respectively. Despite its caption, Exhibit 2 was really an election to take under the will.

Mrs. Dudek testified that at the time she filed her "Election to Take Against the Will," she did not know that there had been a recent change in the law relating to elections.

Mrs. Dudek then testified as follows:

"Q. Was it your intention to—by this instrument that you have identified not to take against the will (referring to the above Exhibit)?

"A. Not to take against the will is my wish."

Mrs. Dudek testified on cross-examination that after Mr. Dudek's death there was another will

which came to her attention. Mrs. Dudek also testified that she was bewildered after her husband's death. The death of Mr. Dudek was a shock.

Mrs. Dudek testified that between the death of her husband and April 30, 1979, she found out that she was left out of his will. Mrs. Dudek was asked on further cross-examination if she agreed with what the will says; Mrs. Dudek answered, "I am satisfied."

Mrs. Dudek testified that she understood what she was doing when she signed the above instrument.

The brief for the executor, Adam Dudek, maintains that Florence A. Dudek made an election to take against the will of her husband, Harry Dudek, and that she is bound by that election. He cited the report of a decision in Johnson's Estate, 244 Pa. 600, 90 Atl. 923 (1914), that is paraphrased as follows:

Where a widow has elected to take under her husband's will and has complied with the formalities required by the Act of April 21, 1911, P.L. 79, under circumstances which show that no undue advantage was taken of her, and that she was fairly informed of her legal rights, and of the facts necessary to an intelligent choice, her acceptance of the will, duly executed and made of record, should not be lightly set aside.

Counsel for the executor, Adam Dudek, contends that between the time Mrs. Florence A. Dudek filed the "Election to Take Against the Will" of May 7, 1979 and the petition filed October 2, 1979 for "Petition for Affirmance of Spouse's Election," third parties intervened to deny Mrs. Dudek the right to take under the will. Counsel for the executor, Adam Dudek, contends that to permit Florence A. Dudek

to withdraw her election would cause a cloud to exist upon the real estate formerly owned by entireties by Florence A. Dudek and Harry Dudek for the reason that when Mrs. Dudek filed her "Election to Take Against the Will" of the decedent, she came under subsection 2204(c) of the Probate, Estates, and Fiduciaries Code, 20 Pa.C.S.A. §2204(c), that caused her to automatically disclaim any interest in said estate formerly held by entireties. Subsection 2204(c) provides as follows:

". . . The value at the time of the decedent's death of any beneficial interest described in subsection (a), regardless of its form, shall also be charged against the elective share to the extent that it cannot be disclaimed, conveyed or released."

The brief of counsel for the executor, Adam Dudek, states that the estate of Harry Dudek is approximately $39,000. The brief also states that the decedent and his wife owned a farm, as tenants by the entireties, which was valued at approximately $150,000 at the time of the death of Harry W. Dudek.

There is no question that Mrs. Florence A. Dudek was faced with many difficult problems after her husband's death.

The court does not concur with the argument that Florence A. Dudek should be held to her original "Election to Take Against the Will."

The Act, 20 Pa.C.S.A. §2201 et seq., dealing with the elective share of the surviving spouse, is a complicated piece of legislation and has many new provisions; their exact meaning is highly legalistic. For the court to say that a widow must make a legal decision based on the provisions of section 2204, et al, and be bound by the same when the title to her

land, the value of $150,000, is at stake, would be extremely harsh and not in accord with our Supreme Court's enunciations in Kreiser's Appeal, 69 Pa. 194 (1871), and similar decisions.

In Woodburn's Estate, 138 Pa. 606, 614, 615, 21 Atl. 16 (1891), the court said:

"The law upon this point is settled. While there is no allegation that the widow was intentionally deceived or misled, yet the fact remains that she signed the paper in ignorance of her rights, without any attempt on the part of the executor to inform her of them, or of the effect of the paper to which he procured her signature. Indeed, he appears to have been ignorant upon the subject himself. The authorities are clear that nothing less than unequivocal acts will prove an election, and they must be done with a knowledge of the party's rights, as well as of the circumstances of the case. Nothing less than an act intelligently done will be sufficient. She should know, and, if she does not, she should be informed, of the relative values of the properties between which she was empowered to choose; in other words, her election must be made with a full knowledge of the facts. The rule applies with especial force where the widow is called upon , as in this case, to make her election shortly after her husband's death; Anderson's App., 36 Pa. 492; Cox v. Rogers, 77 Pa. 167; Bierer's App., 92 Pa. 266."

The widow testified substantially in court that she was satisfied with her husband's will and that she did not wish to elect to take against it. She should be allowed, in fairness and equity, to withdraw her "Election to Take Against the Will."

The exhibit, whereby the widow elects to take under the will of her husband, represents the choice

of the widow after she reflected on the present law and its manifold implications and its various provisions, some of which are new to the law of the Commonwealth of Pennsylvania.

Accordingly, a decree will be so drawn.

## DECREE

And now, January 24, 1980, it appears that Harry W. Dudek died April 15, 1979 and that his will was duly probated April 24, 1979 and that his widow, Florence A. Dudek, filed on May 7, 1979 an election to take against the probated will, and it further appearing that the widow, Florence A. Dudek, subsequently, on October 17, 1979, filed a petition in this court for the cancellation and annulment of her action of May 7, 1979, after hearing, it is ordered, adjudged and decreed that the "Election to Take Against the Will," filed by Florence A. Dudek on May 7, 1979 is hereby vacated and set aside and her declaration of October 17, 1979 is ratified and approved, and the said widow's declaration that she is satisfied with the probated will is approved and ordered filed as her election.

SCHWARTZ, J., May 19, 1980—On April 15, 1979 Harry Dudek died leaving a will dated January 13, 1977 designating his brother, Adam Dudek, as sole beneficiary and executor of the estate. On April 30, 1979 Florence A. Dudek, decedent's widow, executed an election to take against her husband's will. Approximately five months later, on October 2, 1979, Mrs. Dudek filed a document entitled "Election of Refusal to Take Under the Will," by whose terms she, in fact, elected to "Refuse any rights that I may have to take against the Will. . . ." Subsequently, on October 17, 1979, a

petition was filed on behalf of Mrs. Dudek requesting affirmance of her election to take under the will. Thereafter, a hearing was held on November 15, 1979, following which the Honorable William S. Rahauser filed an opinion and decree dated January 24, 1980 as follows:

"And now, January 24, 1980, it appears that Harry W. Dudek died April 15, 1979 and that his will was duly probated April 24, 1979 and that his widow, Florence A. Dudek, filed on May 7, 1979 an election to take against the probated will, and it further appearing that the widow, Florence A. Dudek, subsequently, on October 17, 1979, filed a petition in this court for the cancellation and annulment of her action of May 7, 1979, after hearing, it is ordered, adjudged and decreed that the 'Election to Take Against the Will,' filed by Florence A. Dudek on May 7, 1979 is hereby vacated and set aside and her declaration of October 17, 1979 is ratified and approved, and the said widow's declaration that she is satisfied with the probated will is approved and ordered filed as her election."

The executor of the estate then filed exceptions to the foregoing decree alleging, inter alia, that the court should not have vacated the original election to take against the will and, accordingly, that the widow was bound by her original decision.

The genesis of this dispute revolves around a 1978 amendment to the Probate, Estates and Fiduciaries Code regarding the elective share of the surviving spouse. Specifically, 20 Pa.C.S.A. §2204(a)(8) provides:

"Disclaimers.—Except as provided in subsections (b) and (c), an election by a spouse to take his elective share shall be deemed a disclaimer of any

beneficial interest of the spouse in the following, to the extent that such interest would otherwise be payable to or enjoyed by the spouse after the decedent's death: . . . (8) [A]ll intangible personal property and all real property owned by the decedent and his spouse by the entireties or jointly with right of survivorship, in the proportion that such property represents contributions by the decedent."

Thus, under this section, the surviving spouse by electing against the will would in effect disclaim her rights to property which she owned by the entireties with her deceased husband.

Under prior law at 20 Pa.C.S.A. §2508, an election to take against the will had no effect on the surviving spouse's right to properties owned by the entireties: Grieco Estate, 431 Pa. 108, 244 A. 2d 27 (1968); Peden Estate, 409 Pa. 194, 185 A. 2d 794 (1962). Thus the 1978 amendment represented a significant change in the law.

At the hearing Mrs. Dudek testified that she did not know there had been a recent change in the law relating to elections and it was her intention not to take against the will. A review of the record amply demonstrates that when Mrs. Dudek executed the document electing to take against the will, she was not cognizant that she was concomitantly disclaiming her rights in property owned with the decedent by the entireties. The clear inference from her testimony is that she would not have so elected had she known she was forfeiting her rights to this property.

The executor cites Johnson's Estate, 244 Pa. 600, 90 Atl. 923 (1914), paraphrasing the following portion of the Supreme Court's opinion:

Where a widow has elected to take under her husband's will and has complied with the formalities required by the Act of April 21, 1911, P.L. 79, under

circumstances which show that no undue advantage was taken of her, and that she was fairly informed of her legal rights, and of the facts necessary to an intelligent choice, her acceptance of the will, duly executed and made of record, should not be lightly set aside.

As indicated, Mrs. Dudek's choice was not intelligent due to the obvious fact that she was unaware of the effect of her election regarding property owned as tenants by the entireties. Kreiser's Appeal, 69 Pa. 194 (1891), specifically allows a surviving spouse to revoke an election if done in ignorance of her rights.

Judge Rahauser, in his distinguished opinion, cites the holding from Woodburn's Estate, 138 Pa. 606, 614, 615, 21 Atl. 16 (1891):

"The law upon this point is well settled. While there is no allegation that the widow was intentionally deceived or misled, yet the fact remains that she signed the paper in ignorance of her rights, without any attempt on the part of the executor to inform her of them, or of the effect of the paper to which he procured her signature. Indeed, he appears to have been ignorant upon the subject himself. The authorities are clear that nothing less than the unequivocal acts will prove an election, and they must be done with a knowledge of the party's rights, as well as of the circumstances of the case. Nothing less than an act intelligently done will be sufficient. She should know, and if she does not, she should be informed, of the relative values of the properties between which she was empowered to choose; in other words, her election must be made with a full knowledge of the facts. The rule applies with especial force where the widow is called upon , as in this case, to make her election shortly after

her husband's death: Anderson's App., 36 Pa. 492; Cox v. Rogers, 77 Pa. 167; Bierer's App., 92 Pa. 266."

Clearly Mrs. Dudek did not have full knowledge of the facts when she executed her first election and this court cannot close its eyes to the equitable considerations herein.

"Irrespective of any legislation, the Orphans' Court possesses an inherent discretionary power to correct its own records in the interest of justice, even to protect parties from the effect of their own mistakes and blunders. Stotesbury Estate, 387 Pa. 591, 595 (1957) Sloan's Estate, 254 Pa. 346, 350."

For the reasons stated herein we affirm Judge Rahauser's opinion and decree of January 24, 1980.