2017 PA Super 198

| | | | |
|---|---|---|---|
| ESTATE OF:  SIDNEY ROTHBERG, DECEASED | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA | |
| APPEAL OF: LYNN ROTHBERG KEARNEY | : : | No. 1428 EDA 2016 | |

Appeal from the Order, April 15, 2016,
in the Court of Common Pleas of Philadelphia County
Orphans' Court Division at No. 673AP of 2009

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

OPINION BY FORD ELLIOTT, P.J.E.:                    **FILED JUNE 23, 2017**

Lynn Rothberg Kearney appeals ***pro se*** the order of the Court of Common Pleas of Philadelphia County that sustained the preliminary objections of Saranne Rothberg-Marger ("Rothberg-Marger"), the executrix of the Estate of Sydney Rothberg, Deceased ("Estate"), and dismissed appellant's petition for a declaratory judgment.  After careful review, we affirm.

The trial court set forth the following factual and procedural history:

> In brief summary, [Appellant] was born on January 6, 1953.  Appellant always thought that her father Sydney Rothberg had died in the late 1950s as a result of a car accident.  However, in 2004, Appellant learned that Sydney Rothberg was alive and she searched for him.  In response to Appellant's inquiries, on June 10, 2004, Saranne Rothberg-Marger indicated that after speaking with Decedent, he stated that Appellant was in "no way" related to him.  By that point, Decedent Sidney Rothberg's Will had been executed on January 21, 2002 and did not

provide for Appellant but instead provided for Saranne Rothberg, Michael Rothberg, and Nellie Ingram. Decedent died on May 13, 2008 and the January 21, 2002 Will was admitted to probate.

On August 14, 2014, Lynn Kearney filed a Notice of Appeal regarding the July 18, 2014 Findings of Fact, Discussion and Conclusions of Law issued by the Honorable Joseph D. O'Keefe denying her challenge to the Will of Sidney Rothberg. On June 26, 2015, the Superior Court of Pennsylvania affirmed the Court's July 18, 2014 Decree.

On March 14, 2016, Appellant filed a Petition for Declaratory Judgment stating that she should be considered an omitted heir under Section 2507 of the Probate, Estates and Fiduciaries ("PEF" Code). On April 4, 2016, Saranne Rothberg-Marger filed Preliminary Objections stating that Section 2507 does not apply to the instant case because Appellant was born before the Will was executed by Decedent on January 21, 2002. On April 18, 2016, Appellant filed an Answer again averring that she is entitled to relief under Section 2507.

On April 15, 2016, the Honorable George W. Overton issued a Decree sustaining the Preliminary Objections and dismissing the Petition for Declaratory Judgment without prejudice.

On May 2, 2016, Appellant filed a timely Notice of Appeal. Statements of Matters Complained of on Appeal were requested and properly tendered on June 2, 2016.

Trial court opinion, 9/8/16 at 1-2 (citations omitted).

On appeal, appellant raises the following issues for our review:

1. Whether the Orphans' Court erred as a matter of law or abused its discretion by overlooking or ignoring that the Estate is the proper party addressed by the Petition[?] Neither the Estate nor two of three beneficiaries responded

> to the Petition from their perspectives and thus defaulted and approved granting the declaratory judgment requested?
>
> 2. Whether the elements of demurrer were not proven; therefore, whether Orphans' Court erred as a matter of law and abused its discretion by improperly sustaining Preliminary Objection in the Nature of a Demurrer to Petition of Lynn Kearney for Declaratory Judgment ("Preliminary Objection"), when the Author failed to prove the statutory elements for demurrer?
>
> 3. Whether the Orphans' Court erred and abused discretion by granting the request that the Petition is a second attempt to claim an interest in Decedent's Estate?
>
> 4. Whether the Orphans' Court erred and abused discretion by failing to consider whether [42 Pa.C.S.A. § 2507] encompasses children unknown but born before a will is executed?
>
> 5. Whether the Orphans' Court erred as a matter of law and abused discretion by failing to properly consider the plain meaning of the Statute?
>
> 6. Whether the Orphans' Court erred and abused discretion by failing to properly consider public policy?
>
> 7. Whether the Orphans' Court erred and abused discretion by failing to properly consider that inheritance is favored among all children when a will is silent?
>
> 8. Whether the Orphans' Court erred and abused discretion by agreeing with an endless litigation argument that is not valid?

Appellant's brief at 2-5 (emphasis omitted).

Our standard of review for a court's order sustaining preliminary objections in the nature of a demurrer is well-settled:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a demurrer is properly sustained. The complaint need not identify specific legal theories, but it must provide essential facts to support the claim. Assertions of legal rights and obligations in a

> complaint may be construed as conclusions of law, which have no place in a pleading.

***412 North Front Street Assoc, LP. v. Spector Gadon & Rosen, P.C.***, 151 A.3d 646, 656 (Pa.Super. 2016) (citations and quotation marks omitted).

Initially, appellant contends the trial court erred and abused its discretion when it overlooked or ignored that the Estate is the proper party listed in appellant's declaratory judgment petition but neither the Estate nor two of three beneficiaries responded to the petition. Appellant argues that there was a default, and the trial court erred by failing to grant the declaratory judgment. Appellant argues that the petition should have been answered by the executrix of the Estate, Rothberg-Marger, but was not. Apparently, appellant refers to the preliminary objections filed in response to the petition for declaratory judgment. Appellant concedes that Rothberg-Marger answered the petition but argues that she did so in her individual capacity and not as executrix.

A review of the preliminary objections reveals that Rothberg-Marger filed the preliminary objections in response to appellant's petition for declaratory judgment. In the introduction to the preliminary objections, Rothberg-Marger does not state that she is filing the preliminary objections in her capacity as executrix of the Estate. However, paragraph 2 of the preliminary objections states, "Your Respondent is Saranne Rothberg-Marger ("Saranne"). Saranne is Decedent's daughter and the named Executrix of

- 5 -

Decedent's Will." (Preliminary Objections in the Nature of a Demurrer to Petition of Lynn Kearney for Declaratory Judgment, 4/4/16 at 1, Paragraph No. 2.)

The trial court found this claim by appellant to be without merit:

> Upon this assertion [the assertion set forth in Paragraph 2 of the Preliminary Objections] the Court finds any response made by Saranne Rothberg-Marger to be both in her capacity as Executrix representing the Estate and her individual capacity as a beneficiary of the Estate. Furthermore, under the Pennsylvania Orphans' Court Rules, "[p]reliminary objections may be filed to any petition by any interested party or the interested party's representative." Pa.O.C. Rule 3.9(a). Therefore, this claim is without merit.

Trial court opinion, 9/9/16 at 4.

This court agrees with the trial court's reasoning. Rothberg-Marger filed a timely response to the petition for a declaratory judgment and indicated that she was responding because she was the executrix. As she responded in this capacity, there is also no merit to appellant's claim that the other two beneficiaries of the Estate defaulted by not filing a response of their own.

Appellant next contends that the trial court erred as a matter of law and abused its discretion when it sustained the preliminary objections because the Estate failed to prove the elements necessary for a demurrer.[1]

---

[1] Issues 4 and 5 are essentially contained in this argument as well and will not be addressed separately.

Specifically, appellant asserts that she alleged in the petition that she was a child of Sydney Rothberg ("Decedent"), she was not named in Decedent's will, and Decedent did not know of appellant's existence at the time he executed the will. The only issue before the trial court was whether Section 2507 of the Probate, Estates, and Fiduciaries Code, 20 Pa.C.S.A. § 2507, permits a recovery for appellant.

Appellant is correct that she asserted in the petition that she was Decedent's daughter, Decedent did not know of her existence at the time he executed the will, and he did not name appellant in his will.

The key question then is whether Section 2507 permits recovery for a child not named in a will of a parent when the parent did not know of the child's existence at the time of the execution of the will.

Section 2507 provides in pertinent part:

> Wills shall be modified upon the occurrence of any of the following circumstances, among others:
>
> . . . .
>
> **(4)** **Birth or adoption.--**If the testator fails to provide in his will for his child born or adopted after making his will, unless it appears from the will that the failure was intentional, such child shall receive out of the testator's property not passing to a surviving spouse, such share as he would have received if the testator had died unmarried and intestate owning only that portion of his estate not passing to a surviving spouse.

20 Pa.C.S.A. § 2507(4).

Appellant argues that the phrase, "among others" in the beginning of Section 2507 contemplates situations that are not spelled out in the statute but are similar circumstances and by equity should apply. She argues that a child who is unknown to a testator is in a similar situation to a child who is born after the testator executes his will and that equity demands that the unknown child should be entitled to receive a share of the parent's estate.

The trial court explained the basis for its decision:

> Appellant asserts that the "among others" language of Section 2507 indicates that the Court may assume that "the reason for the statute is the ignorance of the parent of the child's existence" and that the statute should also apply to children born before the execution of the will. Appellant cites **Appeal of McCulloch**[, 6 A. 253 (Pa. 1886),] to support her contention that the purpose of this statute is "undoubtedly to include children inadvertently not provided for due to the will not being later changed." However, **McCulloch** supports the exact opposite contention that children born before the execution of a will do not fall under to [sic] this statute. **Appeal of McCulloch**, 6 A. 253, 255 (Pa. 1886).
>
> **Appeal of McCulloch** analyzed whether an illegitimate child should be considered an omitted heir when she was born four months before the will was executed. **Id.** at 254-55. In **McCulloch**, the child in question was born in April 1883, four months before her parents were married in August 1883. **Id.** at 254. Two days before the wedding, the will was executed leaving $1,000 to the child's mother and the residue to the decedent's son, grandchildren, and sister, without any mention of the daughter born four months before. **Id.** **McCulloch** then contemplated whether the child should be considered an after-born child if she was "legitimized" after the execution of the will when her parents got married.

> *Id.* at 255. The ***McCulloch*** court unequivocally stated that "upon no reasonable construction of this act can it be held that appellee's ward was born after testator's will was executed. The conceded fact is, she was born four months before, and therefore, in no proper sense of the term, can she be regarded as an after-born child within the purview of the act." ***Id.***
>
> Similarly, in the instant case, Appellant admits that she was born on January 6, 1953. Appellant was clearly born forty-nine years before the execution of the will on January 21, 2002. Just as in ***McCulloch***, it is conceded that Appellant was born before the execution of the Will, so this Court simply cannot find that she is properly regarded in the same vein as an after-born child under Section 2507. Furthermore, Appellant does not attempt to explain why Decedent himself did not amend the January 21, 2002 Will to include her if he learned of her existence in 2004 and did not pass until 2008. This Court is unwilling and unable to assume that Decedent did actually intend for her to take as an heir to his estate without any evidence to support that intention.
>
> The Court did not contemplate the "among others" language because Section 2507(4) is unambiguous and squarely on point, making it dispositive of the statutory construction argument put forth by Appellant. Appellant admitted that she was born before the Will, so upon consideration of the facts stated in the Petition for Declaratory Judgment and Section 2507, the Court finds that Appellant is not an omitted heir under Section 2507 and is not entitled to relief as a matter of law.

Trial court opinion, 9/9/16 at 5-7 (citations to record and petition omitted; footnote omitted; emphasis omitted).

This court determines that the trial court did not commit an error of law when it sustained the preliminary objections and dismissed the petition

for declarative judgment. As the trial court correctly states, Section 2507(4) specifically deals with birth or adoption in the context of a will by a parent. The plain language of Section 2507(4) states that a child born or adopted after the testator/parent makes a will shall receive a share of the proceeds of the estate unless it is clear that the failure was intentional. Section 2507(4) does not mention the situation here where the child was born before the execution of the will. Although **McCulloch** addresses a predecessor statute to the Probate, Estates, and Fiduciaries Code, it does address the situation of a child born prior to the execution of the will by the parent who is not included in the will and determined that the child was not eligible to receive anything from the parent's estate. Here, as appellant states, she was born 49 years before the execution of the will, not after the execution of the will as contemplated by Section 2507(4).

This court further determines that the trial court did not err when it did not look to the language, "among others" at the beginning of Section 2507 to include the situation faced by appellant as Section 2507(4). First, the plain language of Section 2507(4) leads to the conclusion that the General Assembly intended for situations involving children of a testator to be included within that section. Second, under Section 1933 of the Statutory Construction Act, 1 Pa.C.S.A. § 1933, if there is a conflict between a specific provision in a statute and a general provision, the specific provision should prevail. Here, there is one section, 2507(4), that specifically deals with wills

and the birth or adoption of a child versus the general introduction to Section 2507 with the ambiguous phrase, "among others." Third, this court does not agree with appellant's interpretation of Section 2507 that the phrase, "among others" creates a new area of substantive law upon which she can make a claim against the Estate. The Probate Estates and Fiduciaries Code evolved from the Wills Act of 1947 which modified the Wills Act of 1917. The Joint State Government Committee Comment from 1947 states that it was "logical and convenient" to group together several will modification provisions in one section which was not the case in the 1917 Act. However, the comment acknowledges that certain types of will modifications are not included in Section 2507. It stands to reason that the phrase "among others" refers to these circumstances. Fourth, the trial court does not have the authority to exceed the scope of the General Assembly's intent. The intent of the General Assembly is the key to statutory interpretation. ***Pa. Dep't of Transp., Bureau of Driver Licensing v. Weaver***, 912 A.2d 259, 264 (Pa. 2006). The General Assembly did not insert a clause or paragraph into the Code that gave trial courts the authority to subvert the intention of a testator in the interest of equity. Section 2507 clearly refers to children born after the execution of the parent/testator's will as having a right to a share of the parent/testator's estate. The General Assembly did not insert a similar provision for children born before the execution of the parent/testator's will.

Appellant next contends that the trial court erred as a matter of law and abused its discretion when it granted the request that the petition is a second attempt to claim an interest in the Estate. Appellant argues that Rothberg-Marger characterized the petition as the second attempt in paragraph 4 of the preliminary objections which is false.

Paragraph 3 of the preliminary objections does state that the petition is appellant's second attempt in seven years to claim an interest in the Estate. Paragraph 4 of the preliminary objections explains that appellant contested Decedent's domicile and that the will was the product of undue influence, lack of testamentary capacity, fraud, insane delusion, or forgery.

Appellant claims that the first proceeding was a "will contest" to determine whether Decedent died with or without a valid will. If a prior will or wills had been declared invalid, appellant alleges that she would have received an intestate share of the Estate. While she does not characterize that as an effort to claim an interest in the Estate, it appears that was the point of the proceeding. However, it is unclear what, if any, relevance this minor point of difference has on the central issue at hand: whether the trial court erred when it sustained the preliminary objections.

Appellant next contends that the trial court erred as a matter of law and abused its discretion when it failed to properly consider public policy. Appellant asserts that public policy and equity should favor and benefit

children and not wayward fathers, when children are unknown or believed dead at the time of the making of a will.

The trial court did consider public policy when it rendered its decision:

> The Court notes that public policy supports the reason why children born before a will are not included under Section 2507. "It has always been the law of Pennsylvania that a parent does not have to leave any of his property to any of his children." *In re Sommerville's Estate*, [177] A.2d 496, 499 (Pa. 1962). As such, "a testator with children can disinherit some or all of them for any reason whatsoever." *In re Agostini's Estate*, 457 A.2d 861, 865 (Pa. Super. [] 1983). The public policy of Pennsylvania in regard to disinheritance of relatives is guided by the law which states "the only person who cannot be disinherited is the surviving spouse." *In re Houston's Estate*, 89 A.2d 525, 526 (Pa. 1952). Therefore, under the facts submitted in the Petition for Declaratory Judgment as well as the laws and public policy of Pennsylvania, the Preliminary Objections in the Nature of a Demurrer were properly sustained by the Court because Appellant is not entitled to relief as a matter of law.

Trial court opinion, 9/9/16 at 7.

This court finds no error on the part of the trial court in its analysis of any public policy concerns with respect to its decision.

Appellant next contends that the trial court erred as a matter of law and abused its discretion when it failed to properly consider that inheritance is favored among all children when a will is silent. Appellant argues that a child should not be disinherited when the parent does not know of the true relationship at the time of the making of the will such that a policy should be to benefit and favor children who have been unintentionally disinherited.

Once again, the General Assembly provided a means for children born after the execution of a parent's will to take a share of that parent's estate. The General Assembly did not provide the same avenue of recovery for a child born prior to the execution of the parent's will, whether known or unknown. It is not the function of the trial court, or this court for that matter, to enunciate new precepts of law or to expand existing legal doctrines. ***See Peters v. Nat'l Interstate Ins. Co.***, 108 A.3d 38, 47 n.12 (Pa.Super. 2014). The trial court did not commit an error of law when it sustained the preliminary objections while it rejected any public policy argument made by appellant.[2]

Order affirmed.[3]

---

[2] Finally, appellant argues that the trial court erred and abused its discretion when it agreed with Rothberg-Marger that following appellant's reasoning would lead to endless litigation. In her brief, Rothberg-Marger states that appellant's claimed new circumstance as an unknown child would invite endless litigation because any person could claim that he was an unknown child of a person who died in order to claim a share of an estate. Although appellant states that the trial court agreed with Rothberg-Marger, she then states that the trial court did not consider this point. As we have already determined that the trial court did not err when it sustained the preliminary objections based on the statutory language, the scope of its authority, and established public policy, we need not address this issue.

[3] Rothberg-Marger moves to strike Exhibits A-1 through A-10 and Exhibit B of appellant's reply brief because these documents are not in the certified record. The exhibits are orders of the trial court from the earlier proceeding regarding appellant's petition for exhumation of Decedent in order to determine proof of paternity, and the Rothberg-Marger's praecipe to withdraw preliminary objections to appellant's amended petition for Citation Sur Appeal from Probate. Most of the orders state that appellant shall be deemed to be a child of Decedent in all matters involving the Estate of Sidney Rothberg. Rotherberg-Marger is correct that these documents are

J. S20017/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017

_____

not in the certified record for the present case.  As a result, this court grants the motion to strike these documents.

In the motion to strike, Rothberg-Marger also moves to strike a paragraph on pages 5-6 of appellant's reply brief in which appellant refers to the earlier proceeding and states that the Estate has no objection to appellant's status as a child of Decedent and that the trial court confirmed appellant's status as a child.  This paragraph really has no relevance to the determination of the present case, as this court and the trial court treated appellant as a child of Decedent for the purpose of resolving this case.  As a result, this court denies the motion to strike this paragraph.  The motion to strike is granted in part and denied in part.